# BOIES, SCHILLER & FLEXNER LLP

150 JOHN F. KENNEDY PARKWAY • 4TH FLOOR • SHORT HILLS, NJ 07078 • PH. 973.218.1111 • FAX 973.218.1106

August 8, 2005

Honorable Garrett E. Brown, Jr.
Chief Judge
United States District Court
68 Clarkson S. Fisher Fedl.Bldg. & U.S. Courthouse
Room 4050
402 E. State Street
Trenton, NJ  08608

Re:   **Broadcom Corporation v. Qualcomm Incorporated**
      **Civ. Action No. 05-3350 (MLC)**

Dear Chief Judge Brown:

      We write in further support of plaintiff Broadcom Corporation's Local Rule 40.1 request to reallocate this action back to the Newark Division where the action was originally filed, and in reply to the August 1, 2005 letter brief from counsel for defendant Qualcomm Inc.

      Qualcomm opposes Broadcom's request to reallocate this action to Newark, but fails to offer any affirmative reason why Trenton would be a preferred or more convenient forum for any of the parties or counsel involved. Qualcomm does not dispute that it would be inappropriate to allocate this case to Trenton simply because Qualcomm's registered agent for service of process is located there (the only reason noted by the Clerk for the Trenton allocation). Nor does Qualcomm identify any other basis in the complaint for litigating the case in Trenton. Instead, Qualcomm argues that Broadcom may not "substitute . . . its own judgment" for that of the Clerk. Broadcom respectfully submits that it is doing no such thing. Rather, as expressly contemplated by Local Rule 40.1, Broadcom requests review by the Court of the Clerk's initial assignment to Trenton, an assignment as to which the Court exercises ultimate judgment.

      Qualcomm does not argue that any of the three Local Rule 40.1(a) factors – (1) residence of the defendant; (2) convenience of litigants, counsel, and witnesses; and (3) place where the cause of action accrued – supports assignment to Trenton. Qualcomm asserts instead that Newark's advantage is "marginal," "negligible," or "of no significance." In the absence of any reason to keep the case in Trenton, however, even modest convenience advantages would support reallocation. Here, not only does Qualcomm marshal no affirmative arguments for assignment to Trenton, but the advantages of litigation in Newark are significant.

NEW YORK    WASHINGTON DC    FLORIDA    CALIFORNIA    NEW HAMPSHIRE    NEW JERSEY
www.bsfllp.com

BOIES, SCHILLER & FLEXNER LLP

Chief Judge Garrett E. Brown, Jr.
August 8, 2005
Page 2

      Qualcomm does not dispute that LG Electronics and Panasonic are important third parties with U.S. headquarters in Englewood Cliffs and Secaucus, much nearer Newark than Trenton, or that Motorola has major facilities in northern New Jersey. Broadcom has explained the important role that these cell phone manufacturers play in the conduct giving rise to this action, which shows they are important sources of discovery and ultimately trial evidence. Although it may be that these key cell phone manufacturers would be subject to Trenton trial subpoenas, that point misses the mark, for it says nothing about the *convenience* of witnesses.

      As to locations outside of New Jersey, Qualcomm correctly notes that the litigants and relevant third parties have offices, personnel, and documents around the country and around the world. Qualcomm's opposition itself references domestic locations in California, the District of Columbia, Illinois and Virginia, as well as international locations in England, Finland, France, Germany, Switzerland, Japan and Korea. The national and international nature of this action supports reallocation, given the Newark courthouse's unparalleled access to the Newark airport (only 3 miles away) and its relative proximity to two other major New York airports (under 30 miles) with many international flights.

      Qualcomm also asserts that "much of the legal work" will be performed outside New Jersey, so the convenience of counsel purportedly has "little or no significance." As Qualcomm acknowledges, however, both parties have counsel not on the other side of the country from Newark, but merely on the other side of the Hudson River. The convenience of a Newark venue for both parties' New York City counsel is self-evident, given Newark's easy accessibility by both automobile and train service. Even if convenience of only New Jersey counsel were considered, Qualcomm notes that its New Jersey counsel is in Newark itself; Broadcom's New Jersey counsel, who will be making court appearances and playing a substantial role in the case, is in Short Hills, which is much closer to Newark than Trenton. And while "much of the legal work" may be done in New York City, the one location where the parties *know* they will have to appear is the courthouse where the case is litigated. Newark is simply more convenient for *all* counsel in this important respect.

BOIES, SCHILLER & FLEXNER LLP

Chief Judge Garrett E. Brown, Jr.
August 8, 2005
Page 3

      In light of the Rule 40.1(a) factors supporting allocation to Newark, and in the absence of any showing by Qualcomm that Trenton is a superior forum in any way, Broadcom respectfully requests that the Court reallocate this action back to Newark, where it was filed.

                                            Respectfully submitted,

                                            David S. Stone

DSS:eb
Encl.

cc:     Honorable Mary L. Cooper, United States District Judge
        William J. O'Shaughnessy, Esq.
            counsel for Defendant Qualcomm Corporation
        David Marriot, Esq.,
            counsel for Defendant Qualcomm Corporation
        David Boies, Esq.
        George S. Cary, Esq.
        Anne Patterson, Esq.