UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
402 EAST STATE STREET
TRENTON, NJ 08608

CHAMBERS OF
GARRETT E. BROWN, JR.
JUDGE

August 9, 2005

ORIGINAL TO THE CLERK

David S. Stone, Esq.
Boies, Schiller & Flexner
150 John F. Kennedy Parkway
4th Floor
Short Hills, N.J. 07078

William J. O'Shaughnessy, Esq.
McCarter & English
Four Gateway Center
100 Mulberry Street
Newark, N.J. 07102-4056

RECEIVED
AUG 9 2005
AT 8:30 _____ L]
WILLIAM T. WALSH
CLERK

Re: Broadcom Corp. V. Qualcomm Incorporated
    Civil No. 05-3350

Dear Counsel:

   I have received Chief Judge Bissell's letter of August 4, 2005 and your letters of July 11, August 1 and August 8 concerning the possible reallocation of the above action from the Trenton to the Newark vicinage of this Court pursuant to Local Civil Rule 40.1. Chief Judge Bissell has referred this matter to me for resolution, and after review of your submissions, I have decided this matter on the papers.

   Counsel for plaintiff Broadcom erroneously asserts that this Court is divided into a "Newark Division" and a "Trenton Division." In fact, we are but one Court, with three courthouses and three vicinages. Rule 40.1 provides that the Clerk shall allocate civil actions to Camden, Newark or Trenton considering the residence of the defendant, the convenience of the litigants, counsel and witnesses, and the place where the cause of action arose. It also provides that the Clerk shall notify the parties of the allocation, and objections shall be made before the Chief Judge upon notice to the Clerk and counsel and the Judge to which the case has been assigned. Disposition of any objections submitted should be upon order of the Chief Judge. The Chief Judge has referred the matter to the undersigned, as stated in his letter.

   The complaint at paragraph 1 asserts that plaintiff Broadcom is a California corporation with its principal place of business in Irvine, California, and operates a significant facility in New Jersey, which is an important part of the Broadcom business at issue in this lawsuit. In its letter of July 11, plaintiff's counsel asserts that Broadcom's New Jersey facility is "at 100 Matawan Road". In their reply letter of August 1, defense counsel states that "Broadcom points out that it

has a facility in Matawan, New Jersey". Matawan is in Monmouth County, within the Trenton vicinage. However, plaintiff asserts in support of its application that its Matawan facility is 27 miles from the Newark Courthouse, and 40 miles from the Trenton Courthouse.

Plaintiff also asserts in its complaint that defendant Qualcomm is a Delaware Corporation with its principal place of business in San Diego, California which transacts and is registered to do business in and is found within New Jersey where Qualcomm has appointed an agent for service of process. Plaintiff's counsel in their letter of July 11 assert that defendants registered agent is located in West Trenton, New Jersey in Mercer County, also within the Trenton vicinage. Plaintiff now seeks to have this matter reallocated to the Newark vicinage.

Plaintiff's position lacks merit. Neither plaintiff or defendant are residents of New Jersey, but rather are headquartered in California. Plaintiff apparently asserts that it has a facility in Monmouth County in the Trenton vicinage and that the defendant has an agent for service of process in Mercer County in the Trenton vicinage. The convenience of the litigants counsel and witnesses does not justify transfer from Trenton to Newark. Primary counsel for both parties are located in New York, The Court notes that Amtrak and New Jersey Transit both run frequent trains from New York City to both Newark and Trenton. Counsel for the plaintiff asserts that Newark International Airport would be more convenient for out of state or foreign witnesses than would Philadelphia International Airport. However, Trenton is about an hour from both of the airports. As far as the location of potential witnesses in the northern part of the State, there is no information as to what discovery would be taken or where.

Plaintiff's application to reallocate the above matter from Trenton to Newark is denied. As noted, both parties are headquartered in California. To the extent that there are any contacts with New Jersey, they are within the Trenton vicinage. Plaintiff has not demonstrated that the litigants, counsel and witnesses will be materially inconvenienced by maintenance of this action in Trenton as opposed to Newark. The place where the cause of action arose is not a factor favoring reallocation.

Moreover, plaintiff's counsel's speculation that the Clerk may decide to allocate a matter based solely on the presence of a registered agent is unsubstantiated and does not support its Application.

Very truly yours,

GARRETT E. BROWN, JR.
United States District Judge

GEB:sko

cc: Chief Judge Bissell
    Judge Cooper