UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BROADCOM CORPORATION,** | : Civil Action No. 05-3350 (MLC) |
| Plaintiff, | : |
| v. | : PRETRIAL SCHEDULING ORDER |
| **QUALCOMM INCORPORATED,** | : |
| Defendant. | : |

This matter having come before the Court during an initial scheduling conference, conducted on September 22, 2005, pursuant to FED. R. CIV. P. 16, and the Court having considered the positions of the Parties; and good cause having been shown;

IT IS on this 22nd day of September 2005,

ORDERED THAT:

1. The Parties will complete fact discovery in this case on or before <u>December 31, 2006</u>. No discovery will issue beyond that date, except upon motion and for good cause shown.

2. In accordance with FED. R. CIV. P. 30, the Parties shall be limited to <u>30</u> depositions, per side (multiple day depositions by specific agreement of counsel on conference call application) except upon leave of the Court. In accordance with FED. R. CIV. P. 33, the parties will be limited to <u>35</u> interrogatories (including all subparts), per party, exception leave of the Court.

3. In accordance with FED. R. CIV. P. 26(a)(1), each party will submit a letter, not later than, <u>October 31, 2005</u>, to the undersigned certifying that initial disclosure has been made. This material will <u>not</u> be filed with the Clerk of the Court.

4. No later than <u>October 31, 2005</u>, each party shall designate an electronic information representative knowledgeable about the respective party's automation system.

5. Any motion to join new parties, whether by amended or third-party complaint, mu t be filed no later than <u>October 13, 2006</u> and made returnable on <u>November 6, 2006</u>.

6. Any motion to amend the pleadings must be filed no later than <u>October 13, 2006</u> and made returnable on <u>November 6, 2006</u>.

       7. Any discovery or case management disputes will be brought to the Magistrate Judge's attention immediately by conference call with local counsel, with letter preceding the conference call. L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f).

       8. Any dispositive motions shall be addressed during the status conference conducted on <u>February 22, 2006</u>.

       9. Counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion. No discovery motion will be entertained absent counsel's full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f).

       10. Plaintiff's and Defendant's expert reports shall be addressed during the status conference conducted on <u>February 22, 2006</u>.

       11. A status conference will be held before the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on <u>February 22, 2006</u> at <u>11:00 A.M.</u>, to discuss experts, settlement, and dispositive motion p<u>ractice.</u>

       12. The final pretrial conference shall be addressed during the status conference on <u>February 11, 2006</u>.

       13. The Parties shall arrange a 26(f) type meeting with counsel and their representatives after initial written discovery has been propounded. A written report shall be submitted to the Court no later than <u>November 30, 2005</u>.

       14. The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff no later than ten (10) days before the date of the pretrial conference to:

    a. discuss settlement;

    b. stipulate to as many facts and issues as possible;

    c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d. examine all exhibits and documents proposed to be used at trial;

    e. complete all other matters which may expedite both the pretrial and trial of the case;

    f. original and one copy of the proposed Final Pretrial Order is to be submitted five (5) days

    **in advance of the conference.**

    **15. Appropriately colored markers (obtained from the Clerk's Office) will be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed.**

    **16. At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be made available by telephone.**

    **17. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel.**

    **18. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.**

    **19. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.**

    **20. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order.** *See Pansy v. Borough of Stroudsburg*, **23 F.3d 772 (3d Cir. 1994);** *Glenmede Trust Company v. Thompson*, **56 F.3d 476 (1995); F**ED **R. C**IV**. P. 26(c).**

    **21. Counsel are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera, digital projector, and screen. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Clerk, Denis Glynn at 609-989-2144.**

    **22. Counsel are invited to use the** *George H. Barlow* **Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier, and** *fax***.**

              /s/ John J. Hughes
               **JOHN J. HUGHES**
               **United States Magistrate Judge**

**ALL PROPOSED ORDERS AND LETTER MEMORANDA SENT TO CHAMBERS SHOULD BE IN WORDPERFECT FORMAT AND E-MAILED TO: njdnef_hughes@njd.uscourts.gov. ANY FILINGS WITH THE CLERK'S OFFICE SHOULD BE IN PDF FORMAT.**

*FORM OF FINAL PRETRIAL ORDER USED BY:*
*THE HONORABLE GARRETT E. BROWN, JR., USDJ, and by*
*THE HONORABLE MARY L. COOPER, USDJ*

This form is to be retyped in full (including all instructions) and all material inserted in proper sequence and not by means of attached riders except as provided below.

(Please number all pages)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| Plaintiff | : | Civil Action Number |
|---|---|---|
| | : | |
| v. | : | FINAL PRETRIAL ORDER |
| | : | |
| Defendant | : | |
| | : | |

_____

This matter having come before the Court for a pretrial conference pursuant to Fed. R. Civ. P. 16; and _____ having appeared for plaintiff, and _____ having appeared for defendant; the following Final Pretrial Order is hereby entered:

1. JURISDICTION (set forth specifically).
2. PENDING/CONTEMPLATED MOTIONS (Set forth all pending or contemplated motions, whether dispositive or addressed to discovery or to the calendar. Also, set forth the nature of the motion and the return date. If the Court indicated that it would rule on any matter at pretrial, summarize that matter and each party's position).

3. STIPULATION OF FACTS (Set forth in narrative form a comprehensive listing of all uncontested facts, including all answers to interrogatories and admissions, to which there is agreement among the parties).

4. PLAINTIFF'S CONTESTED FACTS (State separately for each plaintiff. Proofs shall be limited at trial to the matters set forth below. Failure to set forth any matter shall be deemed a waiver thereof).
A. Plaintiff intends to prove the following contested facts with regard to liability:

B. Plaintiff intends to prove the following contested facts with regard to damages: (This must include each item of damages, the amount of each item, the factual basis for each item and, if punitive damages are claimed, the facts upon which plaintiff will rely to establish punitive damages).

5. DEFENDANT'S CONTESTED FACTS (State separately for each defendant. See instructions above).

A. Defendant intends to prove the following contested facts with regard to liability.

B. Defendant intends to prove the following contested facts with regard to damages. (This statement must include the factual basis for each defense against plaintiff's claims for damages).

6. PLAINTIFF'S WITNESSES (Aside from those called for impeachment purposes, only those witnesses whose names and addresses are listed below will be permitted to testify at trial).

A. On liability, plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

B. On damages plaintiff intends to call the following witnesses who will testify in accordance with the following summaries:

C. Defendant objects to the following witnesses for the reasons stated:

7. DEFENDANT'S WITNESSES (See instructions above).

A. On liability, defendant intends to call the following witnesses who will testify in accordance with the following summaries:

B. On damages defendant intends to call the following witnesses who will testify in accordance with the following summaries:

C. Plaintiff objects to the following witnesses for the reasons stated:

8. EXPERT WITNESSES ( No opposing counsel shall be permitted to question the expert's qualifications unless the basis of an objection is set forth herein).

A. Plaintiff's expert witnesses are:

B. Defendant's objections to the qualifications of plaintiff's expert are:

C. Defendant's expert witnesses are:

D. Plaintiff's objections to the qualifications of defendant's experts are:

9. PLAINTIFF'S EXHIBITS (Except for exhibits the need for which could not reasonably have been foreseen or which are used solely for impeachment purposes, only the exhibits set

forth on the exhibit list attached hereto may be introduced at trial. Any objection to an exhibit, and the reason for said objection, must be set forth below or it shall be deemed waived. All parties hereby agree that it will not be necessary to bring in the custodian of any exhibit as to which no such objection is made).

A. Plaintiff intends to introduce into evidence the exhibits listed on the attached exhibit list (list by number with a description of each):

B. Defendant objects to the introduction of plaintiff's exhibits (set forth number of an exhibit and grounds for objection):

10. DEFENDANT'S EXHIBITS (See instructions above).

A. Defendant intends to introduce into evidence the exhibits listed on the attached exhibit list ( list by number with a description of each):

B. Plaintiff objects to the introduction of defendant's exhibits (set forth number of exhibit and grounds for objection):

(Copies of exhibits are to be made for opposing counsel, and a bench book of exhibits is to be delivered to the Judge at the start of trial. If counsel desires to display exhibits to the jury, sufficient copies should be available to provide each juror with a copy; alternatively, enlarged photographic or projected copies may be used).

11. PLAINTIFF'S LEGAL ISSUES

12. DEFENDANT'S LEGAL ISSUES

13. CHOICE OF LAW:
(If there is any issue as to what state's law is applicable to any count of the complaint, set forth the choice of law question. This issue shall be separately briefed in accordance with an order to be entered herewith).

14. MISCELLANEOUS (Set forth any other matters which require action by, or should be brought to the attention of the Court).

15. JURY TRIALS - Not later than _____.

A. Each side shall submit to the Judge and to opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2B, with citations to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Counsel for each party shall submit to the Judge, with a copy to opposing counsel, written requests for instructions to the jury. Supplemental requests for instructions may be submitted at any time prior to argument to the jury. All requests for instructions shall be plainly marked with the name and number of the case, shall contain citations of supporting authorities, if any, and shall designate the party submitting same. In the case of multiple requests by a party, these shall be numbered in sequence and each request shall be on a separate sheet of paper.

C. Joint proposed verdict form/special interrogatories are to be submitted to the trial judge.

16. NON-JURY TRIALS  - Not later than _____.

A. Each side shall submit to the Judge and opposing counsel a trial brief or memorandum in accordance with Local Civil Rule 7.2B with citation to authorities and arguments in support of its position on all disputed issues of law. In the event a brief shall not be filed, the delinquent party's complaint or defense may be stricken.

B. Each side shall submit to the Judge and other counsel proposed written findings of fact and conclusions of law. There is reserved to counsel the right to submit additional proposed findings of fact and conclusions of law during the course of the trial on those matters that cannot reasonably be anticipated.

17. TRIAL COUNSEL (List the names of trial counsel for all parties).

18. BIFURCATION (Where appropriate, the issues relating to liability shall be severed and tried to verdict. Thereafter, all issues relating to damages will be tried).

The issues of liability and damages SHALL / SHALL NOT be tried separately.

19. ESTIMATED LENGTH OF TRIAL
_____ DAYS FOR LIABILITY
and
_____ DAYS FOR DAMAGES.

AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED.

```
                              _____
                                     (ATTORNEY FOR PLAINTIFF)

                              _____
                                     (ATTORNEY FOR DEFENDANT)
```

                                                                                               _____
HONORABLE JOHN J. HUGHES
UNITED STATES MAGISTRATE JUDGE

DATED: _____

(EXHIBIT LIST TO FOLLOW)