UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCOM CORPORATION, | CIVIL ACTION NO. 05-3350 (MLC) |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| QUALCOMM INCORPORATED, | |
| Defendant. | |

**THE PLAINTIFF BRINGING** this action to recover damages for violations of federal antitrust law "in the markets for the technology and chipsets that operate cell phones" (Am. Compl., at 1); and it appearing (1) the plaintiff is a California corporation with its principal place of business in Irvine, California, and (2) the defendant is a Delaware corporation with its principal place of business in San Diego, California (id.); and the plaintiff asserting venue is proper in New Jersey (id. at 9-10); and it appearing the allegations in the complaint have nationwide implications, and are not restricted to New Jersey; and

**THE COURT ASSUMING**, arguendo, the action is properly placed in New Jersey under 28 U.S.C. § ("Section") 1406; but the Court having broad discretion under Section 1404 to consider a transfer of venue to a district where an action might have been more-properly brought, see Jumara v. State Farm Ins. Co., 55 F.3d 873, 875, 877 n.3, 883 (3d Cir. 1995); and it appearing this action would have been more-properly brought in the United States

District Court for either (1) the Southern District of California ("Southern District"), which appears to encompass the defendant's principal place of business in San Diego, or (2) the Central District of California ("Central District"), which appears to encompass the plaintiff's principal place of business in Irvine; but

  **IT APPEARING** the Court cannot address this concern unless the defendant affirmatively objects to the New Jersey venue, see White v. ABCO Eng'g Corp., 199 F.3d 140, 144 (3d Cir. 1999), Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and thus the Court inviting the defendant — before this litigation proceeds any further in New Jersey — to state (1) whether it objects to the New Jersey venue, and (2) if so, whether it prefers the Southern District or the Central District as a venue; and the Court, if the defendant so objects, intending to direct the plaintiff to (1) show cause why the action should not be transferred to a federal district court in California, and (2) state, assuming the Court decides to transfer the action, whether it prefers the Southern District or the Central District;[1] and for good cause appearing;

---

[1] The parties are advised — as to the issue of proper venue under Section 1404 — the convenience of counsel is not a consideration. Solomon v. Cont'l Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973).

**IT IS THEREFORE** on this   4th   day of October, 2005 **ORDERED** that the parties shall **SHOW CAUSE** why the action should not be transferred under 28 U.S.C. § 1404 to the United States District Court for either (1) the Southern District of California, or (2) the Central District of California; and

**IT IS FURTHER ORDERED** that the parties, if they intend to respond, must file responses with the Court electronically by 5 P.M. on the following dates:[2]

| | |
|---|---|
| October 28, 2005 | Defendant's response |
| November 10, 2005 | Plaintiff's response (assuming defendant objects to New Jersey venue) |
| November 21, 2005 | Defendants' reply, if necessary |
| November 30, 2005 | Plaintiff's further reply, if necessary;[3] and |

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **THURSDAY, DECEMBER 1, 2005,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78, unless the parties are notified otherwise by the Court.

s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

---

[2] Only electronically-filed responses will be considered. See http://pacer.njd.uscourts.gov (under "Electronic Filing Info." and "Notice: Mandatory E-filing (11-3-04)").

[3] The Court is aware of (1) the upcoming federal and religious holidays, and (2) the September 16, 2005 order extending the time to answer to October 28, 2005. These response dates have been set accordingly.