UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BROADCOM CORPORATION,

    Plaintiff,

v.

QUALCOMM INCORPORATED,

    Defendant.

[PROPOSED] ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

Civil Action No. 05-3350 (MLC)

RECEIVED
MAR 13 2006
AT 8:30_____M
WILLIAM T. WALSH
CLERK

WHEREAS, the parties to this action have submitted a statement showing specific good cause for the entry of this order, which statement is attached hereto as Appendix C;

IT IS HEREBY ORDERED THAT:

1. This order (the "Order") governs the use and handling of documents, testimony, interrogatory responses, responses to requests for admission, depositions, pleadings and exhibits and computer readable data storage media and other information, including all copies, excerpts and summaries thereof (collectively, the "Material") produced or given by Broadcom Corporation ("Broadcom," or the "Plaintiff") or QUALCOMM Incorporated ("QUALCOMM," or the "Defendant") or by non-parties in this action (the "Litigation"). Except as otherwise provided below, any Material designated by the Designating Party (as defined below) as "Confidential" or "Highly Confidential," or any information contained in or derived from any of such Material, shall be subject to the provisions of this Order until further order of the Court.

2. This Order will not, in any manner, be disclosed to the jury in the Litigation, or used in any manner or form, direct or indirect, as evidence in any trial or any hearing, or referred to in any trial or any hearing on the merits of the case, save and except a hearing which involves issues related to the enforcement of any provision of this Order.

1

3.  The party producing the Material ("Designating Party") may designate as "Confidential" any Material it produces in this Litigation if such Designating Party or counsel for such Designating Party in good faith believes that such Material is confidential to the Designating Party's business.

4.  The Designating Party may designate as "Highly Confidential" any Material it produces in this Litigation if such Designating Party or counsel for such Designating Party in good faith believes that such Material contains highly confidential information that is so commercially sensitive or confidential that disclosure to persons other than those authorized poses a substantial risk of impairing the business of the Designating Party or a nonparty.

5.  "Confidential" Material of the Designating Party may be provided only to outside counsel of record in this litigation for the other party (the "Receiving Party") and, unless otherwise directed by the Court, may be disclosed by such counsel only to the following persons:

    (a) Any author, co-author or recipient of the document;

    (b) To a witness at a deposition if it is established that the witness would have had access to the document;

    (c) The outside counsel appearing in this Litigation, and the employees of such counsel (including attorneys), including regular and temporary employees, contractors and agents.

    (d) Persons who are expressly retained to assist a party's outside counsel in the preparation of this action for trial including consultants and experts (and their secretarial and clerical personnel), but only if the following have been provided to the Designating Party at least five (5) business days before the disclosure: (i) a written notice identifying such individual and stating such individual's present occupation, affiliation, employer and position; (ii) an up-to-date copy of such individual's resume or curriculum vitae; and (iii) a copy of the undertaking in Exhibit A executed by such individual; and, at the end of the five (5) day period no written objection has been received by the party that wishes to disclose designated Material;

    (e) Outside photocopying, graphic production, reproduction, computer, data or litigation support services engaged by any party or its counsel to assist in this Litigation and personnel performing duties in relation thereto;

(f) No more than three specifically identified in-house counsel of the Receiving Party (and paralegals, secretarial and clerical personnel directly assisting them) for each of the parties (the designated in-house counsel, as agreed at the time this Order is executed, are set forth in Exhibit B annexed hereto) (see also Paragraph 7); and

(g) The Court, court reporters, stenographers, court personnel, jurors and alternate jurors, if any, under suitable precautions calculated to maintain confidentiality consistent with the Local Rules and any Order of the Court.

6. "Highly Confidential" Material of the Designating Party may be provided only to outside counsel of record for the Receiving Party and, unless otherwise directed by the Court, may be disclosed by such counsel only to the individuals listed in Paragraphs 5(a) to (e) and 5(g) of this Order. In addition, as to materials produced by Broadcom or QUALCOMM only and not as to materials produced by third parties, the Receiving Party may grant access to materials designated "Highly Confidential" to one in-house counsel for the Receiving Party whom the Receiving Party previously has designated in writing as supervising outside counsel in this Litigation and as not being involved in the competitive decision making of the Receiving Party and then only on the terms specified below. Matthew DelGiorno of Broadcom shall be deemed eligible to receive material that QUALCOMM has designated as "Highly Confidential" based on the testimony Mr. DelGiorno gave at deposition on March 1, 2006. Should QUALCOMM choose to designate an in-house counsel under this paragraph, Broadcom, at its option to be exercised within seven (7) days of such designation, may object to QUALCOMM'S designee, in which case the parties shall submit the issue to the Court for resolution. Further, because the responsibilities of in-house counsel may change during the litigation, and the replacement of a previously designated in-house counsel under this paragraph by a substitute in-house counsel may therefore become appropriate, any party desiring to make such a replacement of an in-house counsel shall give written notice thereof to the other party. Any such replacement shall be subject to the requirement to certify in writing his or her role as supervising outside counsel in this Litigation and as not being involved in competitive decision making and subject to the procedure for objection to such designation described above. Designated in-house counsel's access to documents produced in discovery that the Producing Party designates "Highly Confidential" (referred to below as "Production Material," as opposed to materials that are derived or based on such Materials, including but not limited to pleadings; briefs; certifications;

responses and objections to discovery requests under Fed. R. Civ. P. 33, 34 and 36; and summaries of Production Material, which are referred to below as "Derived Material") shall be limited to viewing or reviewing such Production Material while the specific copy of the Production Material to be viewed or reviewed is in the possession of outside counsel. Designated in-house counsel shall not under any circumstances (except with prior written authorization of the Producing Party) retain any copies (whether hardcopy or electronic) of such Production Material. Outside counsel may provide the single inhouse counsel designated to recieve "Highly Confidential" Material with Derived Material as needed for such counsel to supervise outside counsel in the Litigation and as to such Derived Material the restrictions of this paragraph applying to such counsel's access to Production Material shall not apply. Derived Material shall not include quotation or wholesale reproduction of Produced Material.

7. Only in-house counsel who are primarily responsible for litigation oversight shall be eligible to be designated under Paragraph 5(f). Because the responsibilities of in-house counsel may change during the litigation, and that the replacement of a previously designated in-house counsel under this paragraph by a substitute in-house counsel may therefore become appropriate, any party desiring to make such a replacement of an in-house counsel shall give written notice thereof to all other parties, and the substitute in-house counsel identified in the notice shall be deemed approved unless another party objects to such substitution within five (5) business days of such notice. Without regard to the foregoing, the parties agree that the individuals identified in Appendix B as of the entry of this order are eligible to receive "Confidential" Material.

8. Notwithstanding Paragraphs 5(c) and 6, no outside counsel based outside the United States and involved in a non-U.S. proceeding involving the other party, shall be given access to materials designated as "Confidential" or "Highly Confidential," except that Maurits Dolmans of Cleary Gottlieb Steen & Hamilton LLP and Jennifer Vasta of Howrey LLP may be given access to such materials if (a) he or she certifies in writing that he or she has read this Order and agrees to be bound by its terms and commits not to further disseminate the materials; and (b) he or she appears *pro hac vice* in the Litigation (as to which application the parties have agreed not to oppose on grounds related to this Order). In addition, should either party in good faith believe that the designated attorney for the other party has misused Material designated as

"Confidential" or "Highly Confidential" under this Order, that party may seek sanctions in this Court for such misuse on an expedited basis, by order to show cause.

9. Each person given access to "Confidential" or "Highly Confidential" Material shall be advised that Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed or used other than pursuant to the terms hereof. Any person falling within categories 5(d) to (f) shall be given a copy of the Order and persons falling within categories 5(d) to (e) shall execute the undertaking attached hereto as Appendix A to abide by its terms before disclosure of "Confidential" or "Highly Confidential" Material to such person.

10. The recipient of any "Confidential" or "Highly Confidential" Material that is provided under this Order shall maintain such information in a secure and safe area and shall secure the Material with reasonable precautions to prevent its unauthorized dissemination or disclosure.

11. In the event a party wishes to use any "Confidential" Material or "Highly Confidential" Material, or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Litigation, such party shall move in accordance with Local Rule 5.3 for leave to file such pleading or document and "Confidential" Material or "Highly Confidential" Material under seal.

12. The designation of "Confidential" Material or "Highly Confidential" Material for the purposes of this Order shall be made in the following manner:

    (a) In the case of documents, interrogatory answers or other materials (apart from depositions or other pretrial testimony), by affixing the legend "Confidential" or "Highly Confidential" to each page containing any "Confidential" or "Highly Confidential" Material.

    (b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, identifying with particularity the precise "Confidential" or "Highly Confidential" Material; or (ii) by written notice, sent by counsel to all parties, within twenty days after receipt by the designating party of the transcript of the deposition, identifying with particularity the precise Confidential or Highly Confidential Material. All transcripts shall be considered Highly Confidential and subject to this Order until expiration of such twenty day period. The court reporter shall be instructed to mark each designated page as "Confidential" or "Highly Confidential" and the cover page of any transcript

containing Confidential or Highly Confidential information shall indicate that the transcript contains such Material.

13. If any person prints or otherwise creates paper copies of non-paper (e.g., diskettes, magnetic or electronic media) versions of Material from a Designating Party that is designated as "Confidential" or "Highly Confidential," such person shall timely mark such documents with the appropriate "Confidential" or "Highly Confidential" label prior to distributing such Material. All copies of Material marked "Confidential" or "Highly Confidential" shall again be marked "Confidential" or "Highly Confidential" if the duplicating process by which copies of such Materials are made does not reproduce the original label.

14. No person allowed to view Material designated as "Confidential" or "Highly Confidential" shall use such Material for any purpose except as needed solely in connection with or to assist in this litigation matter between the parties and for no other purpose, and each such person shall take all steps reasonably necessary to protect the confidentiality of the Material. Nothing herein shall bar or restrict any attorney from rendering advice to his or her client in this case (i.e., Broadcom or QUALCOMM), and, in the course thereof, relying upon (without disclosing) examination of Material designated as "Confidential" or "Highly Confidential." Further, nothing herein shall restrict a Party from using for any purpose or disclosing in any manner its own Material designated as "Confidential" or "Highly Confidential" regardless of the Producing Party of such Material.

15. If a party wishes to disclose Material designated as "Confidential" or "Highly Confidential" to any person not described in Paragraphs 5 or 6 above, the party seeking disclosure shall identify to the other party the Material at issue and identity of the person to whom the party wishes to disclose the Material at issue, together with a statement in the form annexed hereto as Exhibit A, at least 10 business days in advance of disclosure. If no objection is made within the 10 day period, then the individual may receive copies of such Material upon compliance with all applicable provisions of this Protective Order. Objections to such disclosure shall be governed by Paragraph 16.

16. If the Designating Party objects to the disclosure of Material designated as "Confidential" or "Highly Confidential" to any individual identified pursuant to Paragraphs 5(d), 5(f), and 6 and only after the parties have met and conferred in an attempt to resolve the dispute regarding disclosure of Material, the Receiving Party must file a motion seeking to permit such

disclosure as provided for in Paragraph 17. No disclosure may be made to a person who is the subject to the motion unless and until the Court rules otherwise, or the parties agree otherwise. Under no circumstances shall any individual referenced in Paragraphs 5(d), 5(f), and 6 above be allowed to review any Material designated as "Confidential" or "Highly Confidential" unless such individual has executed a copy of Exhibit A.

17.  Until the trial in this action commences, at any time after a document is designated "Confidential" or "Highly Confidential" the Receiving Party may object to the designation of any material or testimony as Confidential Material or Highly Confidential Material by giving written notice to the Designating Party that it objects to the designation. Such written notice shall specifically identify each document and the reason that party believes the designation should be changed (testimony shall be identified by page and line numbers). Within 14 days of any such objection, the Receiving Party and the Designating Party shall confer to attempt in good faith to resolve any disagreement concerning the designation. If no agreement is reached, the Receiving Party, if it desires, shall submit an application (which shall include the documents at issue) to the Magistrate Judge for a determination as to whether the designation is improper within 21 days of the parties' conference regarding that objection. On any such motion, the Designating Party shall bear the burden of demonstrating the confidentiality of the documents (under the standards set forth in Paragraph 3 and 4, Rule 26 of the Federal Rules of Civil Procedure or other applicable law). Until the court issues its ruling (including as to any objections lodged with the district court judge), the documents shall be treated as "Confidential" or "Highly Confidential" Material, as originally designated. For purposes of any production by a third party, both QUALCOMM and Broadcom shall be deemed Receiving Parties.

18.  No Material designated as "Confidential" or "Highly Confidential" shall be disclosed in a deposition to a person not authorized to receive it under this Order absent agreement of the Designating Party, except that such Material may be disclosed at a deposition to the employees of the employer of the author(s) or recipient(s) of the Material or to any person who legally has or had access to the Material outside the context of this litigation.

19.  Any Material designated as "Confidential," or "Highly Confidential" may not be offered into evidence at trial or any other proceeding unless the Designating Party is given notice in accordance with this paragraph and an opportunity to object and to seek appropriate protective measures. For the purposes of trial, designation of information in the pre-trial order shall be

considered to be sufficient notice to a party with respect to the information referenced therein, and in the case of information to be used solely for rebuttal, impeachment or cross-examination purposes, notice to the Designating Party before disclosure of such information in court shall be considered to be sufficient notice. The parties agree to cooperate to preserve the confidentiality of such "Confidential" and "Highly Confidential" information at trial or any other proceeding.

20. The provisions of this Order shall continue in effect with respect to any Material designated as "Confidential" or "Highly Confidential" until expressly released by the Designating Party of such Material. Unless otherwise agreed by the Designating Party, within 60 calendar days of the final determination of this action, each party shall return all Material designated as "Confidential" or "Highly Confidential" of any other party in its possession or control, and all copies, derivations and summaries thereof, to the Designating Party, except that the attorneys of record for each party may retain or destroy at their option any document which includes or reflects attorney work product, and may also retain file copies of any pleadings, briefs or other papers (or exhibits thereto) served or filed in the action, even though such papers incorporate or include "Confidential" or "Highly Confidential" information. For purposes of this Order, the "final determination of this action" shall be deemed to be the later of: (i) full settlement of all claims in this Litigation; (ii) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials and reviews, if any, of this action; or (iii) the expiration of all time limits under the applicable law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this action, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Unless otherwise ordered by the Court, the terms of this Order shall survive and remain in full force after the termination of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all persons to whom Material designated as "Confidential" or "Highly Confidential" has been disclosed for the purpose of enforcing the terms of this Order and/or redressing any violation thereof.

21. If a party receiving Material covered by this Order is subpoenaed in another action or proceeding or served with a document demand in another action or proceeding, and such subpoena or document demand seeks Material which was produced or designated as "Confidential" or "Highly Confidential" by any Designating Party, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the Designating

Party who shall have the burden of challenging or otherwise defending against such subpoena, or document demand. The party subpoenaed shall, to the extent permitted by law, withhold production of the subpoenaed Material until any dispute relating to the production of such Material is resolved.

22. This Order shall not be deemed a waiver of:

 (a) any party's right to object to any discovery requests on any ground;

 (b) any party's right to seek an order compelling discovery with respect to any discovery request;

 (c) any party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

 (d) any party's right to use and disclose its own documents and its own Material designated as "Confidential" or "Highly Confidential" in its sole and complete discretion; or

 (e) the status of any Material as a trade secret.

23. If a Designating Party through inadvertence produces or provides discovery that it believes is subject to a claim of attorney-client privilege or work product immunity, the Designating Party may give written notice to the receiving party that the document is subject to a claim of attorney-client privilege or work product immunity and request that the document be returned to the Designating Party. The Receiving Party shall return to the Designating Party all copies of such document and shall return or destroy all excerpts and summaries thereof. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document is, in fact, properly subject to a claim of attorney-client privilege or work product immunity, nor shall it foreclose the Receiving Party from moving for an order that such document has been improperly designated as subject to a claim of attorney-client privilege or work product immunity or should be produced for reasons other than a waiver caused merely by the inadvertent production. The inadvertent disclosure of any privileged or immune documents shall not be deemed a waiver of that privilege or immunity as to any other documents, testimony or evidence.

24. Nothing herein shall prevent any Designating Party from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any "Confidential" Material or "Highly Confidential" Material in connection with this Litigation.

25. Any person may move the Court for a modification of or relief from the terms of this Order at any time upon notice to all parties. The Court may modify or grant relief from the terms of this Order upon request of any party if the circumstances so warrant.

26. The provisions of this Order concerning "Confidential" Material or "Highly Confidential" Material shall also apply to discovery directed to and submitted by non-parties to this Litigation if said non-party requests protection as to its "Confidential" Material or "Highly Confidential" Material, as defined above.

27. In the event that a Designating Party discovers that it inadvertently failed to designate confidential documents, deposition testimony and/or information as "Confidential" or "Highly Confidential", it shall immediately notify counsel for the parties who received the documents, testimony and/or information of its desire to make that designation and the reason that the designation was not made at the time of production. If the party to whom the material was produced objects to the belated designation, then that party has 10 days to notify the Designating Party of its objection. Thereafter, the parties shall proceed pursuant to the procedure for objections set forth in Paragraph 16.

28. If Material designated "Confidential" or "Highly Confidential" is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party, and without prejudice to the rights and remedies of the Designating Party, make every effort to retrieve the improperly disclosed Material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Material.

29. As to any Material designated as "Confidential" or "Highly Confidential," the Designating Party shall hereby be deemed to have certified that it believes in good faith that good cause exists, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, for the Court to grant a protective order covering such Material.

30. Any party serving a subpoena on any party after the entry of this Order shall attach a copy of this Order to that subpoena.

IT IS SO ORDERED

DATED: __3/13/06__

_____
THE HONORABLE JOHN J. HUGHES

## APPENDIX A

### ACKNOWLEDGMENT AND REPRESENTATION OF PERSONS HAVING ACCESS TO CONFIDENTIAL AND/OR HIGHLY CONFIDENTIAL MATERIALS

Case Name:   *Broadcom Corporation v. QUALCOMM Incorporated*

Case No.     Civil Action No. 05-3350 (MLC)

1. I, _____ have read and understand the Order Governing the Production and Exchange of Confidential Material (the "Order") in *Broadcom Corporation v. QUALCOMM Incorporated.*, Civil Action No. 05-3350 (MLC), entered [   ] 2006, and agree to be bound by its terms.

2. I shall use information I learn as a result of having access to materials protected under the Order solely for the purposes of this litigation and for no other purpose.

3. At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party by whom I am employed or to counsel by whom I am employed all documents and other materials including or reflecting confidential information which have come into my possession, and will destroy or return all documents or things I have prepared relating to or reflecting such information.

4. I hereby submit myself to the jurisdiction of the United States District Court for the District of New Jersey for the enforcement of these representations and the Order.

Executed this _____ day of _____, 200_, at _____,

_____

By, _____
Type or Print Name. _____

i

## APPENDIX B

<u>List of Approved In-house Counsel Under Paragraph 6(f)</u>

Subject to these agreements, the following is the list of approved in-house Counsel:

| For Broadcom Corporation | For QUALCOMM Incorporated |
|---|---|
| Mathew Delgiorno | Louis Lupin |
| David Rosmann | Alexander Rogers |
| David Dull | William Sailer |

# APPENDIX C

## STATEMENT OF GOOD CAUSE IN SUPPORT OF PROPOSED ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL MATERIAL

In accordance with the Court's order of September 22, 2005, and the case law referenced therein, the parties submit this joint statement showing specific good cause for the entry of the proposed Order Governing The Production And Exchange of Confidential Material.

As noted in the attached proposed order, the parties anticipate that a significant amount of sensitive, proprietary, and confidential materials will be exchanged in this matter, including but not limited to: strategic plans (involving pricing, marketing, research and development, product roadmaps) that have not been fully implemented or revealed to the public; trade secrets; customer-specific evaluations or data; personnel files and evaluations; proprietary financial data and projections; and proprietary customer, consumer, and market research or analysis applicable to current or future market conditions. The parties have significant privacy and commercial interests in maintaining the confidentiality of this information. Any dissemination of the proprietary information described above either to certain individuals or entities within the parties or to other parties in the wireless telephony industry would expose the parties to significant and irreparable commercial disadvantage.

The parties expect that certain otherwise proprietary information may need to be disclosed in order to prosecute and defend the various claims at issue in this matter. The proposed Order Governing The Production And Exchange of Confidential Material would ensure that the use of materials and information covered by the Order is limited to legitimate litigation purposes. Accordingly, the proposed Order allows for the exchange of sensitive business information while limiting its use to certain discrete purposes and its dissemination to certain individuals as is reasonably necessary to prosecute and defend this action.

The proposed Order Governing The Production And Exchange of Confidential Material would not, in itself, require or permit any material be filed under seal but rather adheres to the Court's procedures regarding such materials. Parties seeking to submit designated materials would be required to seek a sealing order as to the particular materials at issue and demonstrate the required good cause for a sealing order.

For the reasons stated above, good cause exists to maintain the confidentiality of certain materials and information as set forth in the proposed Order Governing The Production And Exchange of Confidential Material.