UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BROADCOM CORPORATION,** | : | Civil Action No. 05-3350 (MLC) |
| Plaintiff, | : | |
| v. | : | O R D E R |
| **QUALCOMM INCORPORATED,** | : | |
| Defendant. | : | |

This matter having come before the Court upon Motion by Defendant Qualcomm Incorporated ("Defendant") to compel the production of documents by Third Parties Telafonaktiebolaget LM Ericsson and Ericsson Incorporated (collectively "Ericsson"); and Ericsson having submitted opposition; and Defendant claiming that the documents sought from Ericsson are relevant to its defense of claims made by Plaintiff Broadcom Corporation ("Plaintiff") (Def.'s Br. at 5); and Defendant arguing that Ericsson's timely compliance with its subpoena is essential to the completion of fact discovery by December 31, 2006, pursuant to the Court's September 23, 2005 Scheduling Order [Docket Entry #20]. *Id*. at 14; and Defendant further claiming that Ericsson possesses documents responsive to its subpoena regarding activities outside the United States, *id.* at 16, as well as responsive documents created before July 1, 2001 and after July 1, 2005. *Id.* at 18-19; and Ericsson arguing that compliance with Defendant's subpoena would be unduly burdensome under FED. R. CIV. P. 45(c)(3)(A)(iv) (Ericsson's Br. at 5); and Ericsson further arguing that the documents sought by Defendant will not lead to admissible evidence. *Id*. at 7; and Ericsson arguing that compliance with Defendant's subpoena prior to Judge Cooper's ruling on Defendant's pending Amended Motion to Dismiss [Docket Entry #31] would be unduly burdensome. *Id.* at 9; and Ericsson further arguing that

documents concerning activities occurring outside of the United States are irrelevant. *Id.* at 10; and Ericsson further arguing that they should not have to produce neither documents dated before July 1, 2001 nor documents dated after July 1, 2005 because, in the former instance, such documents are outside the relevant statute of limitations, *id.* at 12, and in the latter instance, documents dated after July 1, 2005 were generated after the filing date of the present matter and are therefore irrelevant. *Id.* at 13; and the Court noting that Ericsson is not a party to this litigation; and the Court further noting that Plaintiff notified the Court by letter dated June 23, 2006 that several of the issues raised by Defendant and Ericsson have potential impact on Plaintiff's interests in this litigation; and the Court finding that a threshold production by Ericsson <u>now</u> would not be unduly burdensome; and the Court further finding that documents outside the United States and before July 1, 2001 and after July 1, 2005 <u>may</u> be relevant to this litigation; and the Court finding that a "meet and confer" to narrow production of foreign documents and documents outside the time periods of the Complaint would be appropriate; and the Court finally noting that Ericsson has previously produced relevant documents to the European Commission's Directorate General – Competition ("EC") in connection with Ericsson's Complaint against Defendant in the European Union; and the Court, therefore, finding that an initial production of such prior EC submissions is reasonable; and the Court guided by FED. R. CIV. P. 1, which provides "These rules . . . shall be construed and administered to secure the just, speedy, and inexpensive determination of every action;" and the Court having reviewed the submissions of all parties; and Court having conducted oral argument on June 26, 2006; and good cause having been shown;

    IT IS on this 28th day of June, 2006,

    ORDERED that Defendant's Motion to compel the production of documents by Ericsson

[Docket Entry #54] is GRANTED IN PART and DENIED IN PART as follows:

1) Ericsson's production of documents pursuant to Defendant's subpoena will not be stayed pending decision on Defendant's Motion to Dismiss;

2) Ericsson shall provide documents concerning activities outside of the United States in its production to Defendant;

3) Ericsson's initial production to Defendant will be in the form of a duplicate set of Ericsson's aforementioned EC submissions;

4) Ericsson need not initially produce documents dated prior to July 1, 2001 and after July 1, 2005; and

5) Defendant may renew its Motion with a more targeted request for documents dated before July 1, 2001 and after July 1, 2005 and, prior to the filing of such a renewed Motion, all parties shall arrange a meet and confer to discuss the scope of documents to be sought by Defendant.

*/s/ John J. Hughes*
**JOHN J. HUGHES**
**UNITED STATES MAGISTRATE JUDGE**