# CRAVATH, SWAINE & MOORE LLP

| | | | |
|---|---|---|---|
| THOMAS R. BROME | PETER S. WILSON | ROBERT I. TOWNSEND, III | DAVID S. FINKELSTEIN |
| ROBERT D. JOFFE | JAMES C. VARDELL, III | WILLIAM J. WHELAN, III | DAVID GREENWALD |
| ALLEN FINKELSON | ROBERT H. BARON | SCOTT A. BARSHAY | RACHEL G. SKAISTIS |
| RONALD S. ROLFE | KEVIN J. GREHAN | PHILIP J. BOECKMAN | PAUL H. ZUMBRO |
| PAUL C. SAUNDERS | STEPHEN S. MADSEN | ROGER G. BROOKS | JOEL F. HEROLD |
| DOUGLAS D. BROADWATER | C. ALLEN PARKER | WILLIAM V. FOGG | ERIC W. HILFERS |
| ALAN C. STEPHENSON | MARC S. ROSENBERG | FAIZA J. SAEED | GEORGE F. SCHOEN |
| MAX R. SHULMAN | SUSAN WEBSTER | RICHARD J. STARK | ERIK R. TAVZEL |
| STUART W. GOLD | TIMOTHY G. MASSAD | THOMAS E. DUNN | CRAIG F. ARCELLA |
| JOHN E. BEERBOWER | DAVID MERCADO | JULIE SPELLMAN SWEET | TEENA-ANN V. SANKOORIKAL |
| EVAN R. CHESLER | ROWAN D. WILSON | RONALD CAMI | ANDREW R. THOMPSON |
| PATRICIA GEOGHEGAN | JOHN T. GAFFNEY | MARK I. GREENE | DAMIEN R. ZOUBEK |
| MICHAEL L. SCHLER | PETER T. BARBUR | SARKIS JEBEJIAN | |
| RICHARD LEVIN | SANDRA C. GOLDSTEIN | JAMES C. WOOLERY | |
| KRIS F. HEINZELMAN | PAUL MICHALSKI | DAVID R. MARRIOTT | |
| B. ROBBINS KIESSLING | THOMAS G. RAFFERTY | MICHAEL A. PASKIN | SPECIAL COUNSEL |
| ROGER D. TURNER | MICHAEL S. GOLDMAN | ANDREW J. PITTS | SAMUEL C. BUTLER |
| PHILIP A. GELSTON | RICHARD HALL | MICHAEL T. REYNOLDS | GEORGE J. GILLESPIE, III |
| RORY O. MILLSON | ELIZABETH L. GRAYER | ANTONY L. RYAN | THOMAS D. BARR |
| FRANCIS P. BARRON | JULIE A. NORTH | GEORGE E. ZOBITZ | |
| RICHARD W. CLARY | ANDREW W. NEEDHAM | GEORGE A. STEPHANAKIS | |
| WILLIAM P. ROGERS, JR. | STEPHEN L. BURNS | DARIN P. McATEE | |
| JAMES D. COOPER | KATHERINE B. FORREST | GARY A. BORNSTEIN | |
| STEPHEN L. GORDON | KEITH R. HUMMEL | TIMOTHY G. CAMERON | OF COUNSEL |
| DANIEL L. MOSLEY | DANIEL SLIFKIN | KARIN A. DEMASI | ROBERT ROSENMAN |
| GREGORY M. SHAW | JEFFREY A. SMITH | LIZABETHANN R. EISEN | CHRISTINE BESHAR |

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1058

November 16, 2007

<u>Broadcom Corp. v. Qualcomm Inc., No. 05-3350 (MLC)</u>

Dear Judge Hughes:

    We represent defendant Qualcomm Incorporated ("Qualcomm") in this matter and I am writing in connection with the (Proposed) Amended Pretrial Scheduling Order ("Proposed Order") that is being submitted today for your consideration.

    As reflected in the Proposed Order, following several discussions among counsel, the parties have reached agreement on all case management issues with two exceptions: (1) the number of depositions; and (2) the proper procedure to govern the use of discovery from other cases in this case. I briefly summarize below Qualcomm's position on these two issues and I understand that counsel for Broadcom intends to do likewise. We would also be happy to address these issues further in a conference with the Court.

## THE NUMBER OF DEPOSITIONS

    Broadcom's recently filed Second Amended Complaint (the "New Complaint") raises several new legal and factual issues that go well beyond the allegations of the First Amended Complaint ("First Complaint"). For example, whereas the First Complaint focused on whether Qualcomm complied with its alleged obligations to license certain intellectual property rights ("IPR") on fair, reasonable and nondiscriminatory ("FRAND") terms (*see, e.g.*, First Complaint ¶¶ 87-109), the New Complaint adds numerous allegations concerning a different obligation allegedly owed to various standards development organizations ("SDOs"): the obligation to disclose IPR "potentially essential" to a standard (*see, e.g.*, New Complaint ¶¶ 138-243). The New Complaint also alleges a number of entirely new "technology markets" that Qualcomm has supposedly monopolized: the GSM, GPRS, and EDGE "technology markets" (*see,*

*e.g.*, New Complaint ¶¶ 42-49, 285-288). The First Complaint focused on different "technology markets" involving UMTS, a different standard (*see, e.g.*, First Complaint ¶¶ 58-60, 144-148). The New Complaint also includes numerous allegations concerning the Joint Video Team ("JVT") as well as certain related SDOs and their involvement in developing the H.264 video compression standard (*see, e.g.*, New Complaint ¶¶ 170-246). There were no such allegations in the First Complaint.

In light of all the new allegations in the New Complaint, the parties have *agreed* to extend fact discovery in this matter by an additional 13 months. Moreover, the parties have *agreed* to 35 additional interrogatories per side in addition to the dozens of interrogatories that were already served regarding the claims in the First Complaint. Nonetheless, Broadcom refuses to agree to even a SINGLE additional deposition beyond the 30 provided in the Court's original Pretrial Scheduling Order. Moreover, Broadcom proposes to CHANGE the language of the Court's original Pretrial Scheduling Order from a case-by-case assessment of multi-day depositions to a hard rule that each day of a multi-day deposition counts as a separate deposition for purposes of the limits set forth in the Proposed Order.

Broadcom's position is untenable on both fronts. Given the substantial expansion of the scope of this case, it would be manifestly unfair to Qualcomm to limit depositions to the original number. Indeed, because it is Broadcom's position that Qualcomm's duties and obligations as a member of all of the SDOs referenced in the New Complaint are measured by the subjective beliefs and practices of the other participants (*see, e.g.*, New Complaint ¶¶ 75-81, 118, 121, 151-152, 190), third-party discovery, including depositions, is absolutely essential to Qualcomm's defense.[1] The Court should not prevent Qualcomm from defending itself against Broadcom's new allegations by preventing Qualcomm from developing an adequate factual record.

During the parties' meet-and-confer sessions, Broadcom claimed that no additional depositions were necessary because some discovery from other cases might be useful here. But the other cases did *not* include the substantial third-party discovery that is required by Broadcom's new allegations. To accommodate the need for that discovery, Qualcomm proposes that the original limit of 30 depositions apply to depositions of parties, but that each side be permitted to take up to 60 depositions altogether, taking into account third-party as well as party depositions. Qualcomm's proposal is thus consistent with the increases in the time for discovery and number of interrogatories to which Broadcom has already agreed.

---

[1] This Court has also previously noted the importance of deposition discovery as well as document discovery. (*See* April 18, 2006 Order, attached hereto as Exhibit A (denying Qualcomm's motion to compel document discovery with respect to discounting but noting that Qualcomm "will have ample opportunity through deposition discovery to inquire about" the same subject).)

Qualcomm's proposal, unlike Broadcom's, is also consistent with the Court's previous order with respect to the treatment of multi-day depositions. The Court's original order provided that all multi-day depositions be pre-approved by the Court. (*See* September 22, 2005 Order, attached hereto as Exhibit B.) Thus, whether any particular multi-day deposition should count as multiple depositions for purposes of the discovery limits set by the Court is a matter best addressed on a case-by-case basis at the time the Court is considering whether to grant leave for multiple days. If Broadcom's proposal to disturb the Court's earlier determination on this point by imposing a new and inflexible rule were accepted, Broadcom would have every incentive to have its witnesses be as uncooperative as possible so that their depositions take multiple days and therefore count against the deposition limit. The Court's original language, which is preserved in Qualcomm's proposal, discourages such gamesmanship and should not be disturbed.

PROCEDURE FOR THE USE OF PRIOR DISCOVERY MATERIALS

The parties agree that discovery from other cases between them should be available for use in this case. They disagree, however, about two aspects of the procedure for such use.

*First*, Qualcomm believes that materials from any of the parties' prior cases should be available for use here, while Broadcom believes that only discovery from cases of its choosing should be available. During the parties' meet-and-confer sessions, Broadcom offered no principled reason for such a one-way limitation. Indeed, Broadcom's proposal is inconsistent with its prior agreement in this case to produce here the documents from *Qualcomm Inc. v. Broadcom Corp.*, Civil Action No. 06-CV-0660 (S.D. Cal.)—a case excluded from Broadcom's proposal. Having made that agreement, Broadcom should now not be allowed to cherry-pick the prior litigations from which documents will be available in this case.

*Second*, Qualcomm believes that the parties should specifically designate the discovery materials from other cases that will be used in this case, while Broadcom believes that all of the millions of pages of documents and other discovery from other cases should be "deemed produced" here. But it would be both unnecessary and unduly burdensome to "deem" *all* discovery materials from prior litigations—including each and every document produced in those cases and the transcript of each and every deposition taken in those cases—as discovery in this action. Indeed, most of the discovery in those cases relates to technical patent infringement issues that are completely irrelevant here. Moreover, as Broadcom well knows, Qualcomm's lead counsel in this case were not counsel in those other cases.[2] Thus, if the millions of pages of documents and other

---

[2] We made a limited appearance in *Qualcomm Inc. v. Broadcom Corp.*, Civil Action No. 05-CV-1392 (S.D. Cal.), for the sole purpose of opposing Broadcom's motion for summary judgment of patent misuse, which involved issues that overlapped with issues here. We did not need to review the discovery in the 1392 case in connection with that appearance.

discovery from other cases were deemed produced here, we would need to review *all* of that material in order to prepare for depositions and for trial. The need for such a review would significantly drag out the discovery process and render it impossible to finish fact discovery by the end of 2008.

Moreover, Broadcom's position is once again contrary to the parties' prior practice. In June 2006, the parties discussed the use of discovery materials from this case in another case pending between Qualcomm and Broadcom—the 0660 case referenced above. In that context, the parties *agreed* that it would be necessary to designate specific materials. (*See* June 14, 2006 Letter from Fabian Gonell to Steven Kaiser, attached hereto as Exhibit C; June 27, 2006 Letter from Steven Kaiser to Fabian Gonell, attached hereto as Exhibit D.) The same procedure should be used for designating materials from other cases for use in this case.

\* \* \*

For all the foregoing reasons, we respectfully request that you adopt Qualcomm's proposals with respect to the number of depositions and the procedure for the use of discovery from other cases.

Respectfully,

Peter T. Barbur


The Honorable John J. Hughes
   United States District Court – District of New Jersey
      Clarkson S. Fisher Federal Building & U.S. Courthouse
         402 East State Street
           Trenton, NJ 08608

BY FAX AND FIRST CLASS MAIL

Copy to:

Steven J. Kaiser, Esq.
   Cleary Gottlieb Steen & Hamilton LLP
      2000 Pennsylvania Avenue, N.W.
         Washington, D.C. 20006

BY E-MAIL AND FIRST CLASS MAIL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED
APR 20 2006
AT 8:30 _____ I.J
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| BROADCOM CORPORATION, ) | [PROPOSED] ORDER |
| Plaintiff, ) | |
| ) | Civil Action No. 05-3350 (MLC) |
| v. ) | |
| QUALCOMM INCORPORATED, ) | |
| Defendant. ) | |

WHEREAS, the parties appeared telephonically before the Court on April 17, 2006 for a hearing on QUALCOMM's application for an order compelling Broadcom to produce documents responsive to QUALCOMM's document request 18, as modified, that relate to the non-mobile wireless businesses of Broadcom, and in consideration of the parties' positions as set forth therein and in the parties' letters to the Court of April 5, 2006 and April 13, 2006, and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. QUALCOMM's application for an order compelling Broadcom to produce documents responsive to QUALCOMM's document request 18, as modified, that relate to the non-mobile wireless businesses of Broadcom is DENIED.

2. The Court finds for purposes of Rule 26(b)(1) of the Federal Rules of Civil Procedure that the claims and defenses in this case relate to mobile-wireless communications.

3. The Court further finds for purposes of Rule 26(b)(1) of the Federal Rules of Civil Procedure that Qualcomm has made no showing that Broadcom's discounting in areas outside of mobile-wireless communications are relevant to the subject matter involved in this action.

4. The Court further finds that QUALCOMM will have ample opportunity through deposition discovery to inquire about Broadcom's general discounting.

IT IS SO ORDERED

DATED: 4/18/06

THE HONORABLE JOHN J. HUGHES

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BROADCOM CORPORATION,** | : Civil Action No. 05-3350 (MLC) |
| Plaintiff, | : |
| v. | : **PRETRIAL SCHEDULING ORDER** |
| **QUALCOMM INCORPORATED,** | : |
| Defendant. | : |

**This matter having come before the Court during an initial scheduling conference, conducted on September 22, 2005, pursuant to** FED. R. CIV. P. 16, **and the Court having considered the positions of the Parties; and good cause having been shown;**

**IT IS on this 22nd day of September 2005,**

**ORDERED THAT:**

**1. The Parties will complete fact discovery in this case on or before December 31, 2006.** No discovery will issue beyond that date, except upon motion and for good cause shown.

**2. In accordance with** FED. R. CIV. P. 30, **the Parties shall be limited to 30 depositions, per side (multiple day depositions by specific agreement of counsel on conference call application) except upon leave of the Court. In accordance with** FED. R. CIV. P. 33, **the parties will be limited to  35  interrogatories (including all subparts), per party, exception leave of the Court.**

**3. In accordance with** FED. R. CIV. P. 26(a)(1), **each party will submit a letter, not later than, October 31, 2005, to the undersigned certifying that initial disclosure has been made. This material will not be filed with the Clerk of the Court.**

**4. No later than October 31, 2005, each party shall designate an electronic information representative knowledgeable about the respective party's automation system.**

**5. Any motion to join new parties, whether by amended or third-party complaint, mu t be filed no later than October 13, 2006 and made returnable on November 6, 2006.**

**6. Any motion to amend the pleadings must be filed no later than October 13, 2006 and made returnable on November 6, 2006.**

7. Any discovery or case management disputes will be brought to the Magistrate Judge's attention immediately by conference call with local counsel, with letter preceding the conference call. L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f).

8. Any dispositive motions shall be addressed during the status conference conducted on <u>February 22, 2006</u>.

9. Counsel will confer in an attempt to resolve any discovery or case management disputes before making such dispute the subject of a motion. No discovery motion will be entertained absent counsel's full compliance with L. Civ. R. 37.1(a)(1); *see also* L. Civ. R. 16.1(f).

10. Plaintiff's and Defendant's expert reports shall be addressed during the status conference conducted on <u>February 22, 2006</u>.

11. A status conference will be held before the undersigned, at the Clarkson S. Fisher United States Courthouse, Trenton, New Jersey on <u>February 22, 2006</u> at <u>11:00 A.M.</u>, to discuss experts, settlement, and dispositive motion p<u>ractice.</u>

12. The final pretrial conference shall be addressed during the status conference on <u>February 11, 2006</u>.

13. The Parties shall arrange a 26(f) type meeting with counsel and their representatives after initial written discovery has been propounded. A written report shall be submitted to the Court no later than <u>November 30, 2005</u>.

14. The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff no later than ten (10) days before the date of the pretrial conference to:

    a. discuss settlement;

    b. stipulate to as many facts and issues as possible;

    c. prepare a Final Pretrial Order in the form and content as required by the Court. Plaintiff's counsel will prepare the Final Pretrial Order and will submit it to all other counsel for approval and execution. The original and one copy of the executed Final Pretrial Order will be delivered to the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Stipulation and Order;

    d. examine all exhibits and documents proposed to be used at trial;

    e. complete all other matters which may expedite both the pretrial and trial of the case;

    f. original and one copy of the proposed Final Pretrial Order is to be submitted five (5) days

in advance of the conference.

15. Appropriately colored markers (obtained from the Clerk's Office) will be affixed to the exhibits at or prior to the time they are shown to opposing counsel at the meeting of counsel referred to above, and each marker will bear the number of the exhibit to which it is affixed.

16. At the pretrial conference counsel should be prepared to discuss settlement of the case. Clients must be made available by telephone.

17. The Court may, from time to time, schedule conferences as may be required, either on its own motion or at the request of counsel.

18. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

19. Failure to appear at subsequent conferences, or to comply with any of the terms of this Order, may result in sanctions.

20. Any proposed confidentiality order agreed to by the parties must be accompanied by a separate statement showing specific good cause for the entry of the order. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994); *Glenmede Trust Company v. Thompson*, 56 F.3d 476 (1995); FED R. CIV. P. 26(c).

21. Counsel are advised that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar. This equipment includes an evidence presentation system, which consists of a document camera, digital projector, and screen. The projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies and small objects. For further information, please contact the Courtroom Deputy Clerk, Denis Glynn at 609-989-2144.

22. Counsel are invited to use the *George H. Barlow* Attorney Conference Room located on the third floor of the Courthouse Annex. The room is equipped with telephones, laptop access/printer, copier, and *fax*.

        /s/ John J. Hughes
        JOHN J. HUGHES
        United States Magistrate Judge

**ALL PROPOSED ORDERS AND LETTER MEMORANDA SENT TO CHAMBERS SHOULD BE IN WORDPERFECT FORMAT AND E-MAILED TO: njdnef_hughes@njd.uscourts.gov. ANY FILINGS WITH THE CLERK'S OFFICE SHOULD BE IN PDF FORMAT.**

Case 6:05-cv-01350-JA-JMD Document 11 Filed 05/16/2007 Page 4 of 4

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1956

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
D. COLLIER KIRKHAM
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
NEIL P. WESTREICH
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER

STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM

STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ

GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DeMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL
ROBERT ROSENMAN
CHRISTINE BESHAR

June 14, 2006

Broadcom Corporation v. QUALCOMM Incorporated

Dear Steve:

       I write in response to your letter of June 9 regarding the sharing of documents produced in this case with counsel in the trade secret case.

       We reject the mischaracterization of "Qualcomm's apparent position" "noted" in your letter. Broadcom's counsel in the trade secret case has access to the documents identified in your June 1, 2006 letter. None of those documents is a Broadcom proprietary document. Rather, each is a QUALCOMM document. If Broadcom has any genuine concerns about any of those QUALCOMM documents and can in fact identify any Broadcom information in those documents that is confidential and that was not lawfully obtained by QUALCOMM, Broadcom may raise those concerns with QUALCOMM's counsel in the trade secret case.

       With respect to document sharing, we do not believe that a party should have the unilateral right to share any document from this case it chooses. If you wish to share any of QUALCOMM's documents produced in this case with outside counsel in 06-cv-0660, please identify those documents to us and we will not unreasonably withhold consent. We will likewise identify any documents we wish to share with outside counsel in 06-cv-0660 to you, and will expect that Broadcom will also not unreasonably withhold consent.

       As we told you on May 31, 2006, we seek to share documents bearing production numbers BCMHYD1841894-898, BCMLEE0461118-120,

BCMLEE0461779-780, BCMLEE0461784-791 and BCMLEE1924149-156 with outside counsel in 06-cv-0660. Please let us know if Broadcom consents.

Very truly yours,

Fabian D. Gonell

Steven J. Kaiser, Esq.
   Cleary Gottlieb Steen & Hamilton LLP
      2000 Pennsylvania Avenue, N.W.
         Washington, DC 20006

BY FAX

Copy to:

David S. Stone, Esq.
   Boies, Schiller & Flexner LLP
      150 John F. Kennedy Parkway
         Short Hills, NJ 07078

BY FAX

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

2000 PENNSYLVANIA AVENUE, N W

WASHINGTON, D C 20006-1801

(202) 974-1500

FACSIMILE
(202) 974-1999

WWW CLEARYGOTTLIEB COM

NEW YORK
PARIS
BRUSSELS
LONDON
MOSCOW

FRANKFURT
COLOGNE
ROME
MILAN
HONG KONG
BEIJING

KENNETH L BACHMAN, JR.
SARA D SCHOTLAND
JOHN S MAGNEY
MARK LEDDY
JOHN C MURPHY, JR
DAVID M BECKER
GEORGE S CARY
JANET L WELLER
MITCHELL S DUPLER
LINDA J SOLDO
JOHN T BYAM
MATTHEW D SLATER
MICHAEL R LAZERWITZ
DAVID I GELFAND
MICHAEL A. MAZZUCHI
ROBERT W COOK
MARK W NELSON
ROBIN M BERGEN
DEREK M BUSH
PAUL D MARQUARDT
BRIAN BYRNE
RESIDENT PARTNERS

J EUGENE MARANS
DANIEL B SILVER
RICHARD DEC HINDS
SENIOR COUNSEL

W RICHARD BIDSTRUP
SCOTT N BENEDICT
KEVIN A GRIFFIN
STEVEN J KAISER
COUNSEL

JOYCE E MCCARTY
KAREN A KERR
SCOTT R GOODWIN
SENIOR ATTORNEYS

MATTHEW R AYRES
MATTHEW I BACHRACK
JENNIFER S BENSON
LEE F BERGER
MATTHEW J BERMAN
PATRICK R BOCK
LEAH BRANNON
JOANNE C BYARS
JEREMY CALSYN
KATHERINE M CARROLL
KERRI J CHASE
SHAWN J CHEN
FARAH F COOK
SEAN D COREY
ALYSON J DAIS
LARRY C DEMBOWSKI
CARL EDMAN
ALINA D ELORED
DESMOND EPPEL
NICLAS S ERICSSON
ERIK F GERDING
CHRISTOPHER D HALE*
STEPHANIE HALLOUËT
MORGAN A HARRIS
MICHAEL R HARTMAN*
ELIZABETH A HARVEY*
ERIC H HILDENBRAND
MEGHAN A IRMLER

MEETU KAUL
DINAH R KNIGHT
BRENT LATTIN
JEFFREY LEASURE
SARAH E LEWIS
JOHN R LOATMAN
PATRICIA M MCDERMOTT
AMY E MCFARLANE
JOHN P MCGILL, JR
YASMIN MEHRAIN*
JENNIFER A MEYER*
ADAM J MILLER
JANET P MORRIS
JENNIFER A MORRISSEY
ANNE NEWTON
JONATHAN L H NYGREN
CHINWE OKASI
NICHOLAS R OLMSTED
PAUL PASTERNAK
HELEN M PATAKI
SUZANNE B PERRY
AUDRA L SAVAGE*
TAMARA D SCHMIDT
OMAR SERAGELDIN
GARY SILBER
SARA STAINBACK
JOSHUA B STERLING
PAUL R ST LAWRENCE III
SARAH G TEN SIETHOFF
PETIA VRETENAROVA
DANA D C WESTFALL
MARK J WOODWARD
ASSOCIATES

* ADMITTED ONLY TO A BAR OTHER THAN THAT OF THE DISTRICT OF COLUMBIA
WORKING UNDER THE SUPERVISION OF PRINCIPALS OF THE WASHINGTON OFFICE

Writer's Direct Dial· (202) 974-1554
E-Mail. skaiser@cgsh.com

June 27, 2006

Fabian D. Gonell, Esq.
Cravath, Swaine & Moore LLP
825 Eighth Avenue
New York, NY 10019-7475

Re: <u>Broadcom Corporation v. Qualcomm Incorporated</u>

Dear Fabian:

This letter summarizes our recent discussions regarding the outstanding party discovery issues in this case.

- <u>Interrogatories</u>. The parties have agreed that Qualcomm will serve its objections and responses to Broadcom's first set of interrogatories by July 28, 2006 and that Broadcom likewise will provide its supplemental response to Qualcomm's Interrogatory 11 by that date.

- <u>Documents</u>. The parties have agreed that they will complete their productions in response to each other's respective first document requests by July 28, 2006, with the exception of documents that are in the queue for possible withholding in whole or in part as privileged or otherwise not subject to discovery. The parties have agreed to complete their respective productions of those documents (or portions thereof) (*i.e.*, those documents or portions thereof that, upon further review, are determined to be responsive but not to be privileged or otherwise not subject to production) by August 31, 2006. Likewise, Broadcom will complete its production in response to Qualcomm's second document requests by August 31, 2006.

- <u>Rule 26(b)(5) Information</u>. The parties have agreed to provide each other with the information required under Rule 26(b)(5) as to their respective interrogatory responses by July 28, 2006. The parties have agreed to provide each other with the information required under Rule 26(b)(5) as to their respective document productions by August 31, 2006.

- <u>Qualcomm's Document Request 64</u>. Broadcom has agreed to produce the documents in this case that it is gathering and producing in 06cv0660 (the "California Action") in response to the specific request that is parallel to Qualcomm's Request 64, at or shortly after the time they are produced in the California Action. Qualcomm has agreed to do likewise should Broadcom serve parallel document requests in this case and in the California Action.

- <u>Depositions</u>. The parties have agreed that party depositions in this case will take place primarily in the fall (*i.e.*, on or after September 18). The parties have agreed to work together over the summer to arrange a mutually acceptable schedule for such depositions.

Please let me know if you think I have misstated anything.

Very truly yours,

Steven J. Kaiser

cc: Richard Stark, Esq.