# WILMERHALE

March 24, 2008

Mark D. Selwyn

+1 650 858 6031 (t)
+1 650 858 6100 (f)
mark.selwyn@wilmerhale.com

The Honorable John J. Hughes
United States District Court, District of New Jersey
Clarkson S. Fischer Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Broadcom Corporation v. Qualcomm Incorporated,* C.A. No. 05-3350 (MLC) (JJH)

Dear Judge Hughes:

We represent plaintiff Broadcom Corporation, and write to respond to Mr. Barbur's letter to Your Honor dated March 19, 2008.

Qualcomm has complained to Broadcom about the deposition limit imposed by Your Honor ever since it was set at the November 26, 2007 Discovery Hearing. Mr. Barbur's letter appears to be another effort to find a basis for expanding the deposition limit, even before Qualcomm has noticed a single deposition in this case.

As an initial matter, it is important to recognize what is not in dispute. Qualcomm in no way challenges the sufficiency of Broadcom's disclosure of the past and present Broadcom, Qualcomm, and Flarion employees likely to have discoverable information that Broadcom may use to support its claims. Indeed, Broadcom's Amended Initial Disclosures are significantly more detailed in their description of the subjects on which the listed individuals are likely to have discoverable information than those offered by Qualcomm in its Amended Disclosures (served December 21, 2007) or its Supplemental Rule 26(a)(1) Disclosures (served February 29, 2008).

With respect to the various third-party companies and organizations identified in Broadcom's Amended Initial Disclosures, Qualcomm in no way challenges the sufficiency of the disclosure of the subject matters on which they are likely to have discoverable information. Qualcomm's sole complaint is that Broadcom has not identified the names of specific individuals at these third parties who are knowledgeable regarding these subject matters. Qualcomm's apparent premise is that, in the absence of these names, Broadcom is not permitted to identify these third-party entities at all.

In essence, Qualcomm faults Broadcom for providing more information than Rule 26(a) requires. Rule 26(a) does not require a party to disclose the names of any third-party companies or organizations as part of its Initial Disclosures. Nonetheless, in an effort to provide the fullest disclosure possible based upon the available information, Broadcom identified to Qualcomm those entities that Broadcom believes are likely to possess discoverable information concerning

WILMERHALE

The Honorable John J. Hughes
March 24, 2008
Page 2

either (1) Qualcomm's licensing practices related to the various standards-based technology referenced in the Second Amended Complaint, or (2) the development and promulgation of the standards themselves. Qualcomm cites to nothing in the Rule or in any case that suggests a party must know at the outset of discovery the names of specific individuals at third-party companies or organizations who are likely to have discoverable information. In fact, it would have been fully consistent with Rule 26(a) for Broadcom simply to have omitted any third-party companies or organizations in its Initial Disclosures—but, contrary to Qualcomm's suggestion, Broadcom was not forbidden from including this information.

In complying with Rule 26(a), "[a] party is not expected to be omniscient, but is required to provide meaningful initial disclosures." *Lobato v. Ford*, No. 05-cv-01437, 2007 WL 2593485, at *7 (D. Colo. Sept. 5, 2007). *See also Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 589 (D.N.J. 1997) (Rule 26 disclosure requirement should be applied with common sense). Qualcomm seeks to impose a standard of omniscience on Broadcom. That is unfair, particularly where nearly all the third-party companies listed in Broadcom's Amended Initial Disclosures are Qualcomm's own licensees (as can be found, for example, at www.qualcomm.com/technology/licensing/index.html), and the identity of specific individuals at these companies who are knowledgeable regarding the disclosed subject matters is likely already to be known to Qualcomm and to exist in Qualcomm's own, as yet not produced, files. *See* Fed. R. Civ. P. 26(a)(1) Advisory Committee Notes (1993 amend.) (under Rule 26(a), parties are not required to conduct "an exhaustive investigation at this stage of the case, but one that is reasonable under the circumstances, focusing on the facts that are alleged with particularity in the pleadings"). Furthermore, the Federal Rules expressly allow for a party to obtain discovery of a third party even if, as is typically the case, the party cannot identify a specific knowledgeable individual employed by the company or organization. *See* Fed. R. Civ. P. 30(b)(6) (permitting a party to name in a subpoena a company or organization as a deponent, and requiring the entity so named to "designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf").

Qualcomm's complaint about the number of entities identified in Broadcom's Amended Initial Disclosures fails for three additional reasons. First, Rule 26(a) obviously does not impose any kind of number limit. "The sheer volume of a parties' Initial Disclosure Statement cannot, by itself, constitute a violation of Rule 26(a) because the self-executing disclosures are merely a starting point for the discovery process." *United States v. Merck-Medco Managed Care, LLC*, 223 F.R.D. 330, 333 (E.D. Pa. 2004) (holding that Initial Disclosures listing approximately 3,900 individuals did not violate duty of disclosure due to sheer volume). Second, Qualcomm knows full well the reason why each of the third-party companies and organizations is listed, and undoubtedly itself knows individuals at nearly all these entities who are knowledgeable regarding the disclosed subject matters. Broadcom listed these entities to preempt any later dispute that they possess relevant information, and Qualcomm's attempt to excise these entities

WILMERHALE

The Honorable John J. Hughes
March 24, 2008
Page 3

from the Initial Disclosures may be an initial step toward preventing discovery of them. Third, if the sheer number of individuals identified in Initial Disclosures provides a valid basis for complaint, then it would appear that Broadcom, not Qualcomm, is the aggrieved party. Qualcomm has identified sixty-eight of its own employees who are described as likely to possess discoverable information that Qualcomm may use to support its defenses. That is more than double the number of Broadcom employees who are identified in Broadcom's Amended Initial Disclosures.

In short, Broadcom's Amended Initial Disclosures are fully compliant with the requirements of Rule 26(a), and, though providing even more information than is literally required, promote the principle of early disclosure that underlies the Rule. Once Broadcom identifies knowledgeable individuals at the third-party companies and organizations that Broadcom has listed, Broadcom will seasonably supplement, as Rule 26(e) contemplates.

Sincerely yours,

Mark D. Selwyn


cc:   All Counsel

MDS:le