# CRAVATH, SWAINE & MOORE LLP

ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW
PETER S. WILSON

JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1058

WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN

DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
CHRISTINE BESHAR

March 26, 2008

<u>Broadcom Corp. v. Qualcomm Inc., No. 05-3350 (MLC) (JJH)</u>

Dear Judge Hughes:

      We have received Mr. Selwyn's letter dated March 24 (and filed March 25) which responds to my letter of March 19 relating to Broadcom's Rule 26(a) disclosures. We look forward to discussing the issues raised by these letters in a conference with the Court and thus will not burden the Court with a point-by-point written rebuttal.

      We would, however, like to point out that one of the central arguments made in Mr. Selwyn's letter is directly contrary to the position Broadcom took in our meet and confer discussions relating to these issues, as confirmed by Broadcom's own prior letter on this subject (Kate Saxton's February 1, 2008 letter to me, which is attached as Exhibit C to my letter to the Court dated March 19). As that letter makes clear, Broadcom argued during our meet and confer discussions that both parties were obligated under Rule 26(a) to identify third parties who were likely to have discoverable information on which the disclosing party might rely. Indeed, Ms. Saxton's letter sought to take Qualcomm to task for having "itself listed no third parties (other than two of its own paid consultants) in its Amended Initial Disclosures"—something Ms. Saxton's letter characterized as an "omission" and a "serious deficiency" that was supposedly inconsistent with Qualcomm's position that this case would entail substantial third-party discovery.[1]

      In Mr. Selwyn's letter to the Court, however, Broadcom reverses course entirely. Now, Broadcom claims—without citation to any authority—that "Rule 26(a)

---

[1] In response to Ms. Saxton's letter, Qualcomm subsequently served Supplemental Disclosures that included the names of witnesses associated with numerous third-party entities.

does not require a party to disclose the names of any third-party companies or organizations" and that "it would have been fully consistent with Rule 26(a) for Broadcom simply to have omitted any third-party companies or organizations in its Initial Disclosures".

We would respectfully submit that, having successfully demanded that Qualcomm list third parties in its Initial Disclosures, Broadcom should not now be heard to argue that a different rule (which, in any event, is without support) should apply to its own Initial Disclosures.

Respectfully,

Peter T. Barbur

The Honorable John J. Hughes
    United States District Court – District of New Jersey
        Clarkson S. Fisher Federal Building & U.S. Courthouse
            402 East State Street
                Trenton, NJ 08608

Copy to counsel for all parties