# WILMERHALE

**Leon B. Greenfield**

+1 202 663 6972 (t)
+1 202 663 6363 (f)
leon.greenfield@wilmerhale.com

April 18, 2008

The Honorable John J. Hughes
United States District Court, District of New Jersey
Clarkson S. Fischer Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: *Broadcom Corporation v. Qualcomm Incorporated*, C.A. No. 05-3350 (MLC) (JJH)

Dear Judge Hughes:

Broadcom is compelled to respond to the unfounded accusations in Qualcomm's letter dated April 11, 2008, that Broadcom engaged in "gamesmanship" in the course of the meet-and-confer process regarding the discovery disputes now before the Court. (April 11, 2008 Barbur Letter to the Court at 1, 6.) Qualcomm's allegations are baseless and should not distract from its failure to offer substantive argument in support of its discovery positions.

First, in respect to the identification of discovery disputes for the Court's resolution, Broadcom already has explained in its April 2 and April 4 letters that the parties' meet-and-confer efforts continued after March 21. During those discussions, it became apparent that, despite Broadcom's prior expectation and further suggestions for compromise, certain additional issues could not be resolved. Broadcom promptly identified such issues to the Court in its April 2 letter. All such issues have now been fully briefed, and are ripe for determination. Broadcom can be charged at most with excessive optimism that the parties would reach agreement regarding these few additional issues, and a desire not to trouble the Court unnecessarily.

Second, it is apparent that the parties had different understandings of whether opening letter briefs were to cover only the discovery that each respective party sought, or all disputed discovery, including that requested by the other party. Given that Qualcomm has now submitted a further brief to respond to Broadcom's April 11 opposition to Qualcomm's requested discovery (April 16, 2008 Barbur Letter to the Court), Qualcomm cannot claim to have suffered any prejudice from the parties' apparent mismatch of understandings.

Third, as explained below, for each of the particular requests for which Broadcom accuses Qualcomm of "gamesmanship" or the like, Qualcomm's charges have no merit.

The Honorable John J. Hughes
April 18, 2008
Page 2

**WILMERHALE**

**Broadcom Request No. 47**

Qualcomm contends that, before its April 4 opening brief, Broadcom did not offer to narrow its request for additional mobile wireless planning documents to only those involving CDMA technologies. In fact, Broadcom did make such a proposal during the meet and confer process (*see* April 4, 2008 Selwyn Letter to the Court at 3); in any event, Broadcom should not be faulted for narrowing the issue before the Court. Qualcomm, however, has rejected this compromise position. As to the substance of its rejection, Qualcomm cannot fairly characterize the relevance of this document request as limited to its CDMA licensing activities (April 11, 2008 Barbur Letter to the Court at 3-4), when Qualcomm's plans for developing, marketing, and licensing CDMA will reveal a scheme to monopolize that it then duplicated and executed in the UMTS arena.

**Broadcom Request No. 68**

Qualcomm is wrong on two counts in complaining that Broadcom's April 4 letter offered to limit Request No. 68 regarding Qualcomm's references to Broadcom in communications with Qualcomm actual or prospective customers (who are also potential Broadcom customers). (April 11, 2008 Barbur letter to the Court at 6.) First, Broadcom did not offer to limit this request as Qualcomm claims; it merely observed that communications "suggesting to potential Broadcom customers that Broadcom's products infringe Qualcomm's patents" was but *one example* of relevant discovery that Request No. 68 seeks that would not be captured by other Broadcom requests. Second, Qualcomm does not explain why narrowing the issues in this discovery resolution proceeding would be a subject for complaint. Qualcomm can offer no substantive justification for its objection to the production of documents regarding communications about Broadcom to Broadcom's potential customers. Such documents will demonstrate just the pattern of intimidation and patent abuse with which Qualcomm is charged in this case.

**Request No. 80**

Qualcomm cries foul because Broadcom initially focused on a perceived deficiency in Qualcomm's proffered "clarification" of its response, and now focuses on a deficiency in Qualcomm's response itself. (April 11, 2008 Barbur Letter to the Court at 7.) Broadcom acknowledges a measure of confusion in the parties' discussion of this Request, flowing primarily from a Qualcomm proposed "clarification" regarding third party patent portfolios that it now acknowledges has nothing to do with the documents sought. (*Id.*) In the process of seeking to resolve disputes about scores of discovery responses, the parties' attention wrongly focused on Qualcomm's "clarification" rather than the substantive dispute identified in Broadcom's April 4 letter to the Court. In any event, this dispute has now been fully briefed, and

**WILMERHALE**

The Honorable John J. Hughes
April 18, 2008
Page 3

the request seeks documents at the heart of Broadcom's claims – Qualcomm's evaluation of patents that encompass the standards and technologies at issue here.

Qualcomm's argument that all relevant documents will be included in its agreed production of documents regarding patents it has eventually declared or disclosed *to the SDOs* rests on the unstated premise that Qualcomm has by now disclosed all "purportedly" standards-essential IPR *to the SDOs*. *Id.* at 7. If Qualcomm represents to the Court that this is so, and that it will not hereafter claim that any IPR not yet declared to these SDOs is essential to the standards at issue in this case, that representation will resolve much of the dispute concerning this Request. That representation would not, however, address the issue regarding Qualcomm IPR relevant to the 802.20 working group – which was disbanded because of Qualcomm misconduct before any standard issued. Not surprisingly, Qualcomm fails to address this in its April 11 letter. Such discovery should proceed for the reasons previously set out by Broadcom. (*See* Selwyn April 4, 2008 Letter to the Court at 7.)

Sincerely yours,

*/s/ Leon B. Greenfield*

Leon B. Greenfield

cc:   All Counsel