

ATTORNEYS AT LAW

May 23, 2008

VIA ECF

Hon. John J. Hughes
United States District Court for the
  District of New Jersey
Clarkson S. Fisher Federal Building and
  U.S. Courthouse, Room 6000
402 E. State Street
Trenton, New Jersey  08608

William J. O'Shaughnessy
Partner
T. 973.639.2094
F. 973.297.3722
woshaughnessy@mccarter.com

Re:  Broadcom Corporation v. Qualcomm Incorporated
     Civil Action No. 05-3350 (MLC) (JJH)

Dear Judge Hughes:

On behalf of Plaintiff Broadcom Corporation and Defendant Qualcomm Incorporated, we respectfully submit a Proposed Order that memorializes Your Honor's discovery rulings during the in-person conference held with the parties on April 25, 2008.

If it meets with Your Honor's approval, we ask that you enter your "So Ordered" and forward it to the Clerk's Office for filing.

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

Respectfully,

BOSTON

s/ William J. O'Shaughnessy

HARTFORD

William J. O'Shaughnessy

NEW YORK

cc:  All counsel on ECF filing list

NEWARK

PHILADELPHIA

STAMFORD

WILMINGTON

ME1 7405081v.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCOM CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>QUALCOMM INCORPORATED,<br><br>Defendant. | : Civil Action No. 05-cv-3350 (MLC)<br><br>:<br><br>: Civil Action<br><br>: **ORDER**<br><br>:<br><br>: |

THIS MATTER coming before the Court on April 25, 2008 to address the parties' discovery disputes, and the Court having considered the parties' written submissions of April 4, April 11, April 16 and April 18, 2008, and having heard argument of counsel, and good cause having been shown,

IT IS on this       day of May, 2008,

ORDERED THAT:

1. Qualcomm's application to compel Broadcom to supplement or modify Broadcom's Rule 26(a)(1) disclosures is granted in part. The parties shall timely supplement their Rule 26(a)(1) disclosures to identify the names of specific individuals at any companies or entities listed therein in accordance with Rule 26(e) and in all events sufficiently in advance of the close of fact discovery to permit the taking of depositions of the persons identified therein. The parties shall be precluded from offering evidence, including at trial or on motion or otherwise, from any company or entity for which an individual is not timely identified consistent with this Order.

2. Qualcomm's application to limit the number of custodians from whom additional documents will be produced is granted in part and denied in part. Broadcom and Qualcomm shall designate 55 custodians each to be searched in responding to each parties' requests for production. Either party may apply for a search of additional custodians' files upon a showing of good cause.

3. The Court denies Broadcom's application to compel the production of documents in response to Broadcom's Document Request No. 47 (CDMA-related document discovery). Broadcom may, however, inquire into the topics covered by Request No. 47 during depositions. Based upon the discovery of new information justifying a need for additional document

discovery on those topics, Broadcom shall be permitted to re-apply for such further document discovery.

4. Qualcomm's application to compel Broadcom to produce documents relating to 802 Working Groups other than 802.20 is granted in part and denied in part. Broadcom shall produce responsive documents relating to the 802.11 and 802.20 Working Groups consistent with the general agreements and protocols that govern all of the parties' document productions. Qualcomm may inquire into facts relating to other 802 working groups at depositions, and may re-apply for further document discovery concerning such other working groups.

5. Qualcomm's application to compel Broadcom to produce additional documents regarding Project Stockholm in response to Qualcomm's Document Requests Nos. 123, 124 and 126 is denied without prejudice. The parties are ordered to meet-and-confer further regarding Qualcomm Document Request Nos. 123, 124, and 126. Broadcom shall identify for Qualcomm those categories of documents Broadcom has produced or agrees to produce that it believes to encompass documents within Qualcomm's Project Stockholm requests, and Qualcomm will identify all categories of documents under these Project Stockholm requests which it believes are not encompassed by what Broadcom has produced or has agreed to produce and specify why those documents are relevant to the issues in the case. For any categories of documents that Broadcom has not yet produced or agreed to produce, Broadcom will state whether it will produce those documents, and if not will identify the grounds for objection including any privilege which it asserts. In the event the parties cannot reach an agreement regarding Broadcom's objections, Qualcomm has leave to file a noticed motion to compel. In all events, Qualcomm may inquire into facts relating to Project Stockholm at depositions.

6. Qualcomm's application to compel the production of documents relating to Project Koala in response to Qualcomm's Document Request No. 132 is granted in part and denied in part. The parties shall meet and confer to determine whether a reasonable sampling protocol, restricted as to time period and number of custodians, can be agreed upon. If such protocol cannot be agreed upon, the Court shall establish one at a conference to be attended by counsel and the parties' IT specialists.

7. The parties shall meet and confer concerning Broadcom's motion to compel Qualcomm to produce documents in response to Broadcom's Document Request No. 68 (re: communications between Qualcomm and customers concerning Broadcom).

8. The parties shall meet and confer concerning Broadcom's application to compel Qualcomm to produce documents in response to Broadcom's Document Request No. 80 (re: Qualcomm's evaluation of IPR).

_____
JOHN J. HUGHES
United States Magistrate Judge