UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RECEIVED

AUG 26 2008

AT 8:30_____M
WILLIAM T. WALSH
CLERK

| | | |
|---|---|---|
| BROADCOM CORPORATION | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: 05-3350 (MLC) |
| | ) | |
| QUALCOMM INCORPORATED | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NON-PARTY NOKIA CORPORATION'S
## RESPONSES AND OBJECTIONS TO SUBPOENA

In accordance with Rules 26 and 45 of the Federal Rules of Civil Procedure, and by and through its counsel Alston & Bird LLP, non-party Nokia Corporation ("Nokia") hereby objects to plaintiff Broadcom Corporation's ("Broadcom") Subpoena for the Production of Documents dated August 8, 2008, as follows:

### GENERAL OBJECTIONS:

In the interest of responding to each of the Requests in an efficient and concise manner, Nokia sets forth the following General Objections to each of the Requests in a single place and incorporates the following General Objections into its response to each of the Requests:

1.      Broadcom's Definitions state that the term "concerning" shall mean "relating to, referring to, describing, evidencing, referencing, discussing or constituting." Attachment A to Subpoena, Definitions, ¶ F. Because Broadcom defines the term "concerning" in this overly broad manner, any Request that uses the term "concerning" is inherently overbroad and imposes an undue burden on Nokia to search for large volumes of documents that have no possible relevance to any claim or defense in this case. Therefore, Nokia objects to each Request that uses the term "concerning" on these grounds.

1

2.     Nokia objects to Instruction C, which purports to limit Nokia's ability to produce redacted documents, on the grounds that it is unduly burdensome.  To the extent that documents contain non-responsive but competitively sensitive and proprietary Nokia information, Nokia reserves the right to redact such non-responsive information and produce only the responsive information.

3.     Nokia objects to Instruction F on the grounds that is unduly burdensome.  As a third party subpoena recipient, Nokia is not obligated to search for, collect, and produce subsets of documents in response to requests that are overly broad or unduly burdensome on their face. Nokia is also not obligated to define vague or ambiguous terms that Broadcom may have used in the Requests.

4.     Nokia objects to the Requests to the extent that they seek to impose upon Nokia obligations that exceed the obligations imposed by the Federal Rules of Civil Procedure.

5.     Nokia objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

6.     Nokia objects to the Requests to the extent they call for the production of documents containing confidential or proprietary information or trade secrets of Nokia or third parties that would harm Nokia or such third parties if disclosed to Broadcom.

7.     Nokia objects to the Requests to the extent they call for the production of documents containing confidential information of third parties that Nokia is contractually obligated not to disclose.

2

8.    Nokia objects to the Requests to the extent that they purport to obligate Nokia to produce documents or information that Nokia is prohibited from disclosing or producing under the terms of a protective order in other litigation or a contractual confidentiality provision.

9.    Nokia objects to the Requests as overly broad and unduly burdensome to the extent that they purport to obligate Nokia to search for, review and produce documents that Nokia may have received from third parties during the course of discovery in other litigation.

10.    Nokia objects to the Requests to the extent they seek the production of documents that are not within the ownership, possession, or control of Nokia.

11.    Nokia objects to the Requests to the extent they seek documents already in Broadcom's possession, custody, or control, or that can be obtained by Broadcom from another source that is more convenient, less burdensome, or less expensive.

12.    Nokia objects to the date and time set for production in the Subpoena because it does not provide Nokia with a reasonable amount of time to collect and review documents responsive to the numerous separate subject matter categories listed in the Subpoena.

## REQUEST NO. 1:

All Documents Concerning the terms of the Agreement announced on July 23, 2008 between You and Qualcomm, including all Documents prepared, exchanged, created, or provided by You and/or Qualcomm in the course of settlement discussions, negotiations, conferences, or consultations (e.g., term sheets, memoranda of understanding, draft or final settlement and license agreements, etc.).

## RESPONSE TO REQUEST NO. 1:

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is unduly burdensome

because it seeks highly sensitive and confidential Nokia information regarding ongoing settlement discussions. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nokia further objects to this Request on the grounds that the documents sought could be obtained from Qualcomm, which is a party to this litigation.

**REQUEST NO. 2:**

All Documents provided, whether formally or informally, or voluntarily or by compulsion, to any foreign government, administrative agency, or regulatory Entity, in connection with any litigation or investigation into potential antitrust or competition-related violations by Qualcomm, including but not limited to submissions made in relation to any Qualcomm-Nokia litigation or investigations by the European Commission, the Korea Fair Trade Commission, and the Japanese Fair Trade Commission into complaints relating to Qualcomm's licensing and sales practices.

**RESPONSE TO REQUST NO. 2:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia or third parties that would harm Nokia or such third parties if disclosed to Broadcom or calls for the production of documents containing confidential information of third parties that Nokia is contractually obligated not to disclose.

4

**REQUEST NO. 3:**

All transcripts of deposition or trial testimony of Qualcomm employees or consultants (including experts) in connection with Litigation between You and Qualcomm.

**RESPONSE TO REQUEST NO. 3:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom or calls for the production of documents containing confidential information of Qualcomm that Nokia is obligated not to disclose under either a contractual provision or protective order. Nokia also objects to this Request to the extent it seeks information that is already in Broadcom's possession, or can be obtained by Broadcom directly from Qualcomm or from another source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 4:**

All declarations, expert reports, affidavits, or sworn statements submitted by Qualcomm employees or consultants (including experts) in connection with Litigation between You and Qualcomm.

**RESPONSE TO REQUEST NO. 4:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case.

5

Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom or calls for the production of documents containing confidential information of Qualcomm that Nokia is obligated not to disclose under either a contractual provision or protective order. Nokia also objects to this Request to the extent it seeks information that is already in Broadcom's possession, or can be obtained by Broadcom directly from Qualcomm or from another source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 5:**

All pleadings, motions, briefs, and written discovery submitted, served, or filed by Qualcomm in connection with Litigation between You and Qualcomm.

**RESPONSE TO REQUEST NO. 5:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom or calls for the production of documents containing confidential information of Qualcomm that Nokia is obligated not to disclose under either a contractual provision or protective order. Nokia also objects to this Request to the extent it seeks information that is already in Broadcom's possession, or can be obtained by Broadcom directly from Qualcomm or from another source that is more convenient, less burdensome, or less expensive.

6

**REQUEST NO. 6:**

All Documents Concerning any conduct by Qualcomm to influence the adoption of, or the incorporation or any technology into, the GSM/GPRS/EDGE, WCDMA/UMTS, H.264, or IEEE 802.20 standards, including but not limited to Qualcomm's participation in any ETSI committee or 802.20 Working Group with regard to evaluation, adoption, or implementation of any actual or proposed standard for GSM/GPRS/EDGE, WCDMA/UMTS, or IEEE 802.20.

**RESPONSE TO REQUEST NO. 6:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nokia further objects to this Request to the extent that it seeks information that is already in the possession of Broadcom, is publicly available, or can be obtained by Broadcom from another source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 7:**

All Documents Concerning Your participation in the ETSI SMG or SMG 2 technical bodies in the period 1996-2000.

**RESPONSE TO REQUEST NO. 7:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia also objects to this Request to the extent that it seeks information protected by the

7

attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nokia further objects to this Request to the extent that it seeks information that is already in the possession of Broadcom, is publicly available, or can be obtained by Broadcom from another source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 8:**

All Documents Concerning Your participation in the UMTS IPR Working Group in the period 1998-2000.

**RESPONSE TO REQUEST NO. 8:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nokia further objects to this Request to the extent that it seeks information that is already in the possession of Broadcom, is publicly available, or can be obtained by Broadcom from another source that is more convenient, less burdensome, or less expensive.

**REQUEST NO. 9:**

All Documents Concerning Your consideration of whether to participate in the Third Generation Patent Platform Partnership, also known as 3G3P.

**RESPONSE TO REQUEST NO. 9:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case.

8

Nokia also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 10:**

All License Agreements for IPR relating to the following standards: H.264, GSM/GPRS/EDGE, WCDMA/UMTS, CDMA, OFDMA, or TD-CDMA, and documents sufficient to identify YOUR personnel that negotiated or authorized the terms of such agreements.

**RESPONSE TO REQUEST NO. 10:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia or third parties that would harm Nokia or such third parties if disclosed to Broadcom or calls for the production of documents containing confidential information of third parties that Nokia is contractually obligated not to disclose. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 11:**

All Documents containing any evaluation or assessment or technical contributions or proposals made in connection with the development of the H.264, GSM, GPRS/EDGE or WCDMA/UMTS standards, including any evaluation or assessment of (i) the technical alternatives considered for inclusion in the H.264, GSM, GPRS/EDGE, or WCDMA/UMTS

9

standards and any feasibility or other technical analyses regarding the same; (ii) the IPRs disclosed as essential or potentially essential to the WCDMA/UMTS standard; and (iii) "any commitments to license essential patents made under Section 6.1 of Annex 6 of the ETSI Rules of Procedure."

**RESPONSE TO REQUEST NO. 11:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom. Nokia also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 12:**

All Documents Concerning the licensing, licensing policies, or licensing practices by Qualcomm of any IPR, patents, or patent applications claimed or asserted by Qualcomm to any Person or Entity to be essential for the implementation of GSM, GPRS/EDGE, or WCDMA/UMTS.

**RESPONSE TO REQUEST NO. 12:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent that it seeks information protected by the

10

attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity. Nokia also objects to this Request to the extent it seeks information that is already in Broadcom's possession, or can be obtained by Broadcom directly from Qualcomm or from another source that is more convenient, less burdensome, or less expensive.

## REQUEST NO. 13:

All Documents Concerning the meaning or interpretation of FRAND or RAND with respect to licensing of any patents claimed or asserted to be essential to GSM, GPRS/EDGE, WCDMA/UMTS, or CDMA.

## RESPONSE TO REQUEST NO. 13:

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

## REQUEST NO. 14:

All Agreements (including but not limited to License Agreements, non-disclosure Agreements, confidentiality Agreements, and market development Agreements) between You and Qualcomm, and all Documents concerning negotiations of these Agreements.

## RESPONSE TO REQUEST NO. 14:

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request to the extent that it is duplicative of Request No. 1, and incorporates by reference its response to Request No. 1. Nokia also objects to this

11

Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom or calls for the production of documents containing confidential information of Qualcomm that Nokia is contractually obligated not to disclose. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

## REQUEST NO. 15:

All Documents Concerning the cost, expense, difficulty, advantages, and/or disadvantages of making or having a chipset made for You pursuant to Your rights under any Agreement or License with Qualcomm.

## RESPONSE TO REQUEST NO. 15:

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia that would harm Nokia if disclosed to Broadcom or calls for the production of documents containing confidential information of Qualcomm that Nokia is contractually obligated not to disclose. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 16:**

Strategic and business plans discussing actual or potential competition in the design or sale of GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA chips and/or chipsets and associated software, including without limitation,

   a.   market shares in the design or sale of GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA chips and/or chipsets and associated software;

   b.   the competitive position of Qualcomm or any of its competitors;

   c.   relative strengths and weaknesses of Qualcomm or other companies;

   d.   analyses of product, technology, or market plans of Qualcomm or any of its actual or potential competitors;

   e.   supply and demand conditions;

   f.   allegations that Qualcomm is not behaving in a competitive manner;

   g.   analysis of actual or potential competition relating to improvements or innovations in features, functions, ease of operation, performance, cost, or other advantages to customers or users.

**RESPONSE TO REQUEST NO. 16:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case. Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia or third parties that would harm Nokia or such third parties if disclosed to Broadcom or calls for the production of documents containing confidential information of third parties that Nokia is contractually

13

obligated not to disclose. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

**REQUEST NO. 17:**

All Documents Concerning:

a. The evaluation, adoption, implementation of any actual or proposed H.264, GSM/GPRS/EDGE, WCDMA/UMTS, IEEE 802.20, or CDMA standard;

b. The actual or potential licensing of, licensing terms or royalties for, or termination of any license to, any patent or patents relating to H.264, GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA;

c. The actual or potential sale or purchase of any H.264, GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA Baseband Processors for use in any Wireless Subscriber Unit;

d. Any Person's or Company's right to make or sell any H.264, GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA compliant chips and/or chipsets and associated software;

e. Competition in or for the sale of H.264, GSM/GPRS/EDGE, WCDMA/UMTS, or CDMA chips and/or chipsets and associated software;

f. Communications from Qualcomm Concerning Broadcom; Any United States or foreign government investigation Concerning Qualcomm.

**RESPONSE TO REQUEST NO. 17:**

In addition to Nokia's General Objections, which Nokia hereby incorporates by reference, Nokia specifically objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant to any claim or defense in this case.

Nokia further objects to this Request to the extent it calls for the production of documents containing confidential or proprietary information or trade secrets of Nokia or third parties that would harm Nokia or such third parties if disclosed to Broadcom or calls for the production of documents containing confidential information of third parties that Nokia is contractually obligated not to disclose. Nokia also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

This 25th day of August, 2008.

CRAIG CARPENITO
District of New Jersey Bar No. CC-1686

ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016-1387
(212) 210-9400

PETER KONTIO (*Of Counsel*)
Georgia Bar No. 428050
PATRICK J. FLINN (*Of Counsel*)
Georgia Bar No. 264540
MARK A. MCCARTY (*Of Counsel*)
Georgia Bar No. 482226

ALSTON & BIRD LLP
1201 West Peachtree St.
Atlanta, Georgia 30309-3424
(404) 881-7000

*Attorneys for Nokia Corporation*

15

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Civil Action No. 05-3350 (MLC) (JHH)

### CERTIFICATE OF SERVICE

I hereby certify that I have this date served a true and correct copy of the within and foregoing

NON-PARTY NOKIA CORPORATION'S OBJECTIONS AND RESPONSES TO SUBPOENA via

overnight delivery to the Clerk and the Parties listed below:

> David S. Stone
> BOIES, SCHILLER & FLEXNER LLP.
> 150 John F. Kennedy Parkway, 4th Floor
> Short Hills, NJ 07078

> Robert A. Magnanini
> BOIES, SCHILLER & FLEXNER LLP.
> 150 John F. Kennedy Parkway, 4th Floor
> Short Hills, NJ 07078

> Steven John Kaiser
> CLEARY, GOTTLEIB, STEIN & HAMILTON, LLP
> 200 Pennsylvania Avenue NW
> Washington, DC 20006

> *Attorneys for Broadcom Corporation*

> William J. O'Shaughnessy
> MCCARTER & ENGLISH, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102

> Richard Hernandez
> MCCARTER & ENGLISH, LLP
> Four Gateway Center
> 100 Mulberry Street
> Newark, NJ 07102

> Peter T. Barbur
> CRAVATH, SWAINE & MOORE LLP
> Worldwide Plaza

16

825 Eighth Avenue
New York, NY 10019

Robert L. Feltoon
CONRAD O'BRIEN GELLMAN & ROHN, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102

*Attorneys for Qualcomm Incorporated*

This 25th day of August, 2008.

Craig Carpenito

17